COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-090-CV
 
  
JERRY 
JOHNSON                                                                  APPELLANT
 
 
V.
 
 
ATCO 
EXCAVATING AND                                                         APPELLEE
DEMOLITION 
COMPANY
 
 
------------
 
FROM 
THE 236TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant, 
Jerry Johnson (Johnson), filed this suit against Appellee, ATCO Excavating and 
Demolition Company (ATCO), for injuries he suffered when he came into contact 
with downed power lines that were on his property due to ATCO’s alleged 
negligence. ATCO filed a motion for summary judgment on the ground that it was 
not served with process within the time period prescribed by the statute of 
limitations, which the trial court granted. In his sole issue, Johnson argues 
that the trial court erred by granting summary judgment.
        To 
“bring suit” within the two-year limitations period prescribed by section 
16.003 of the Texas Civil Practice and Remedies Code, a plaintiff not only must 
file suit within the applicable limitations period but must also use diligence 
to have the defendant served with process.[2]  
Thus, when a plaintiff files suit within the limitations period but does not 
serve the defendant until after the statutory period has expired, the date of 
service relates back to the date of filing only if the plaintiff exercises 
continuous due diligence in serving the citation.[3]  
When a defendant has affirmatively pleaded the defense of limitations and has 
shown a failure to timely serve the defendant, the burden shifts to the 
plaintiff to explain the delay.[4]
        In 
this case, Johnson was injured on April 29, 2000. He filed his original petition 
on March 6, 2001, which was within the limitations period. Johnson did not serve 
ATCO, however, until after filing his first amended petition on May 13, 2002. 
Johnson concedes that he did not serve ATCO within the limitations period. 
Johnson, in his sole issue, simply argues that the service relates back to the 
date of filing his original petition.
        Because 
ATCO affirmatively pleaded the defense of limitations and showed untimely 
service, Johnson had the burden to explain the delay. Johnson did not meet this 
burden. Johnson did not file a response to ACTO’s motion for summary judgment. 
On appeal Johnson states that he did not discover ATCO’s correct address until 
more than fourteen months after filing suit. He does not, however, provide a 
detailed showing of due diligence during that fourteen months. Applying the 
appropriate standard of review,[5] we consequently 
hold that the trial court did not err by granting summary judgment. We affirm 
the trial court’s judgment.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
   
PANEL B:   LIVINGSTON, 
DAUPHINOT, and WALKER, JJ. 
DELIVERED: 
April 1, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.
2. 
Tex. Civ. Prac. & Rem. Code Ann. § 16.003 
(Vernon 2002); Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 
830 (Tex. 1990); Tate v. Beal, 119 S.W.3d 378, 380 (Tex. App.—Fort 
Worth 2003, pet. filed).
3. 
Murray, 800 S.W.2d at 830; Tate, 119 S.W.3d at 380.
4. 
Murray, 800 S.W.2d at 830.
5. 
Tex. R. Civ. P. 166a(c); S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); KPMG Peat 
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 
1999); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 
1999); Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 
1996); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 
(Tex. 1979); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 
391 S.W.2d 41, 47 (Tex. 1965).