Jerry Johnson v. ATCO Excavating and Demolition Company

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-090-CV

JERRY JOHNSON APPELLANT

V.

ATCO EXCAVATING AND APPELLEE

DEMOLITION COMPANY 

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Appellant, Jerry Johnson (Johnson), filed this suit against Appellee, ATCO Excavating and Demolition Company (ATCO), for injuries he suffered when he came into contact with downed power lines that were on his property due to ATCO’s alleged negligence.  ATCO filed a motion for summary judgment on the ground that it was not served with process within the time period prescribed by the statute of limitations, which the trial court granted.  In his sole issue, Johnson argues that the trial court erred by granting summary judgment.

To “bring suit” within the two-year limitations period prescribed by section 16.003 of the Texas Civil Practice and Remedies Code, a plaintiff not only must file suit within the applicable limitations period but must also use diligence to have the defendant served with process.
(footnote: 2)  Thus, when a plaintiff files suit within the limitations period but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing only if the plaintiff exercises continuous due diligence in serving the citation.
(footnote: 3)  When a defendant has affirmatively pleaded the defense of limitations and has shown a failure to timely serve the defendant, the burden shifts to the plaintiff to explain the delay.
(footnote: 4)
 In this case, Johnson was injured on April 29, 2000.  He filed his original petition on March 6, 2001, which was within the limitations period.  Johnson did not serve ATCO, however, until after filing his first amended petition on May 13, 2002.  Johnson concedes that he did not serve ATCO within the limitations period.  Johnson, in his sole issue, simply argues that the service relates back to the date of filing his original petition.

Because ATCO affirmatively pleaded the defense of limitations and showed untimely service, Johnson had the burden to explain the delay.  Johnson did not meet this burden.  Johnson did not file a response to ACTO’s motion for summary judgment.  On appeal Johnson states that he did not discover ATCO’s correct address until more than fourteen months after filing suit.  He does not, however, provide a detailed showing of due diligence during that fourteen months.  Applying the appropriate standard of review,
(footnote: 5) we consequently hold that the trial court did not err by granting summary judgment.  We affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ. 

DELIVERED:  April 1, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003 (Vernon 2002); 
Murray v. San Jacinto Agency
,
 Inc.
, 800 S.W.2d 826, 830 (Tex. 1990); 
Tate v. Beal
, 119 S.W.3d 378, 380 (Tex. App.—Fort Worth 2003, pet. filed).

3:
Murray
, 800 S.W.2d at 830; 
Tate
, 119 S.W.3d at 380.

4:
Murray
, 800 S.W.2d at 830.

5:
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
Rhone-Poulenc
, 
Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Ryland Group
,
 Inc. v. Hood
, 924 S.W.2d 120, 121 (Tex. 1996)
; City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965)
.