In the ESTATE OF Jacqueline Elizabeth GRIMM, Deceased.

No. 11–04–00243–CV.

Court of Appeals of Texas, Eastland.

Sept. 29, 2005.

Charles C. Self, III, Whitten & Young, Abilene, for appellant.

John R. Saringer, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellee.

Panel consists of WRIGHT, J., and McCALL, J., and HILL, J.[1]

### Opinion

JOHN G. HILL, Justice (Assigned).

Theda Carpenter and Jack George Grimm appeal from a summary judgment granting motions for summary judgment filed by Shari Spencer, Phyllis Sue Thomas, and Stephanie Savage, the appellees. In a single point, the appellants urge that the trial court erred in granting the appellees' motions for summary judgment because genuine issues of material fact exist that prevent the granting of those motions. We reverse and remand.

In ruling on the motions for summary judgment, the trial court set aside its order admitting to probate a 1990 will of Jacqueline Elizabeth Grimm, which Carpenter had sought to probate, and admitted to probate a 1999 will, together with its 2001 codicil, all as sought by Spencer. Carpenter and Jack Grimm are the surviving children of the deceased and beneficiaries of the 1990 will. Spencer and Savage are nieces of the deceased, while Thomas was a housekeeper for the deceased. Spencer, Savage, and Thomas are all beneficiaries of the 1999 will and 2001 codicil. After the appellees had filed their application to set aside the order probating the 1990 will, the appellants filed their answer, alleging lack of testamentary capacity on the part of the deceased and undue influence exerted by the appellees. After the appellants filed their answer, the appellees filed, in connection with their motion to set aside the probate of the 1990 will, a traditional motion for summary judgment asserting that there was no material issue of fact on the issue of testamentary capacity and a no-evidence motion for summary judgment with respect to the issue of undue influence. In their response to the appellees' motions for summary judgment, the appellants sought to show that there was a material issue of fact on the issue of the deceased's testamentary capacity and to present summary judgment evidence of undue influence exerted by the appellees.

We will first consider the appellants' argument relating to the appellees' motion for traditional summary judgment in which the appellees assert that there is no material issue of fact with respect to the deceased's testamentary capacity to make the 1999 will and 2001 codicil. As movants, the appellees had the burden of showing that there is no genuine material fact issue and that they are entitled to judgment as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996). When reviewing a summary judgment, we take as true all evidence favorable to the non movant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex.2004). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply*

---

1. John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

*Company,* 391 S.W.2d 41, 47 (Tex.1965). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

■ The testatrix executed her will on March 26, 1999, and subsequently executed a codicil on January 26, 2001. "Testamentary capacity" means possession of sufficient mental ability at the time of execution of the will (1) to understand the business in which the testatrix is engaged, the effect of making the will, and the general nature and extent of her property; (2) to know the testatrix's next of kin and the natural objects of her bounty; and (3) to have sufficient memory to assimilate the elements of the business to be transacted, to hold those elements long enough to perceive their obvious relation to each other, and to form a reasonable judgment as to them. *Guthrie v. Suiter,* 934 S.W.2d 820, 829 (Tex.App.-Houston [1st Dist.] 1996, no writ). The question of testamentary capacity is ordinarily one of fact for the jury. *Payne v. Chance,* 4 S.W.2d 328, 329 (Tex.Civ.App.-Amarillo 1928, no writ).

■ Appellants' summary judgment evidence consists of affidavits executed by Theda Carpenter and her husband, Doug Carpenter. In her affidavit, Theda discussed her mother's long-term drinking problem. She said that, over the period of her drinking, her mother had a noticeable decline in cognitive thinking and a loss of short-term memory, exhibited by the inability to recall names, places, and/or events in periods of inebriation or abstinence. She also indicated that the long-term drinking impacted her mother's ability to function effectively and to exhibit good

decision skills in that, among other things, she had no awareness of how her household bills were being paid, no reality in regard to finances, and constant and continued delusional/paranoid thinking. She indicated that her mother had been diagnosed with dementia related to alcoholism. She referred to several instances of confusion, at least one occurring in 1998. She stated that her mother's alcohol intake continued to make her mother significantly confused. She insisted that her mother's short-term memory loss continued to be exhibited even during periods of abstinence. She gave examples of her mother thinking that items taken from the home for legitimate reasons had instead been stolen. She stated that in the summer of 1998 her mother was in a constant state of paranoid/delusional thinking. She insisted that her mother's short-term memory loss only got worse from just before the will was executed until she died. The affidavit of Theda's husband, Doug, repeated evidence of his mother-in-law's drinking problems and stated that the testatrix had very little short-term memory in the early 1990s. He stated that her short-term and long-term memory worsened by the mid–1990s. He also affirmed the truthfulness of his wife's affidavit. The appellees presented summary judgment evidence to the effect that the testatrix had testamentary capacity at the time she executed the 1999 will and 2001 codicil. We hold that the summary judgment evidence showing chronic impairment of cognitive mental abilities and delusional thinking on the part of the testatrix, both before and after the making of the will and codicil, shows that there is a material fact issue with respect to the testatrix's testamentary capacity. *See Guthrie v. Suiter, supra* at 830–31.

The appellees object to both affidavits as being conclusory. As examples of conclu-

sory statements relating to testamentary capacity, they set forth the following: (1) "[t]here was no significant time span of sobriety with one exception for a short period of time in 1998"; (2) "[d]uring the last 15–20 years or more, Mother has self-isolated to her home with no social interaction except weekly visits to the beauty shop"; (3) "[a]s her physical health improved, her agitation increased significantly"; (4) "[m]other has been told at least 300 times that this chair is in the shop for repair"; and (5) "[h]er short term memory loss only got worse from then [March 24, 1999] until she died." We have considered all of these and find that they are statements of fact and not conclusory. We hold that there is sufficient non-conclusory summary judgment evidence to show that there is a material fact issue with respect to the testatrix's testamentary capacity. We disagree with the appellees' conclusion that such evidence creates merely a suspicion that the testatrix lacked testamentary capacity.

The appellees contend that the evidence is insufficient to raise a material fact issue with respect to testamentary capacity because it merely shows chronic alcoholism and dementia. They rely on the cases of *Payne v. Chance, supra,* and an unpublished case, *In re Estate of Hall,* No. 05–98–01929–CV, 2001 WL 753795, at *4 (Tex. App.-Dallas July 5, 2001, no pet'n). We find both cases to be distinguishable. In *Payne,* evidence showed that the testator, a heavy drinker, when not in a drunken condition, was a man more than above average in intelligence and above average in mentality. *Payne v. Chance, supra* at 331. The evidence also showed that the testator did not attempt to conduct his business affairs when he was intoxicated. *Id.* at 330. There was no credible evidence showing that the testator was intoxicated at the time he executed the will. *Id.* In this case, Theda's affidavit shows that, in addition to alcoholism, the testatrix had cognitive deficits or dementia both before and after the execution of the 1999 will and 2001 codicil, to the extent that a reasonable person could conclude that she would not have had testamentary capacity at the time she executed them.

In *Hall,* the testatrix made the will after being diagnosed with Alzheimer's disease in 1991. There was evidence that her physical and mental condition worsened in the years following. A witness testified that she did not understand the effect of her act in making a will after 1991, that she did not know her material possessions, and that she did not have the lucidity of mind to understand the elements of business transacted in the execution of the will. The court held that the affidavit was conclusory because it did not state facts showing how the testatrix's conduct, interactions, and living conditions changed so as to demonstrate her "irreversible" and "worsened" condition between her diagnosis and making of the will. Further, the witness's affidavit did not demonstrate the effects of the testatrix's impairment. In the case at bar, however, Theda's affidavit cites examples of her mother's impairment from the time of her being diagnosed until her death.

█ The appellees also contend that the affidavits are insufficient because they do not show the testatrix's lack of testamentary capacity on the day of the execution of the will and codicil. In a will contest on the ground of testamentary incapacity, the issue is the condition of the testatrix's mind on the date the will was executed. *Guthrie v. Suiter, supra* at 830. Evidence of incompetency at other times can be used to establish incompetency on the date the will was executed if it demonstrates that the condition persists and has some probability of being the same condition

that existed at the time of the will's making. *Croucher v. Croucher*, 660 S.W.2d 55, 57 (Tex.1983); *Guthrie v. Suiter, supra* at 830. The evidence shows that the testatrix had diminished capacity both before and after the execution of the will and codicil and that the condition persisted for a long period of time, including periods of abstinence. Consequently, as previously noted, the evidence raises a material fact issue as to her testamentary capacity.

■ We next consider the appellants' claim that the trial court erred in granting the no-evidence motion for summary judgment with respect to the issue of undue influence. A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing such a summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Therefore, in considering a no-evidence motion for summary judgment, we review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* at 751. A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* Therefore, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

■ The only summary judgment evidence offered by the appellants in support of their claim of undue influence is contained in Theda's affidavit and reads as follows:

Sue Thomas was later rehired as a sitter for my mother by court appointed attorney, Forrest McCray. She took over all activities in the home, including the continued purchasing of vodka for my mother. She further was added to her checking account and paid bills of my mother signing checks in my mother's name on some occasions. I have personally seen checks paid which bore the signature of Sue Thomas on my Mother's account. Sue Thomas isolated my mother in her home and handled all her functions at the time of the will and codicil in question. She made all decisions for her. Sue Thomas had such control over my mother that overpowered the mind of my mother at the time of executing the will and codicil in question and my mother would not have executed them otherwise.

As previously noted, Theda's husband, Doug, in his affidavit, affirmed the statements made by Theda in her affidavit. As we analyze this affidavit, it merely shows that, as her mother's caregiver, Sue Thomas had the opportunity to exert undue influence. While it suggests that Thomas isolated the testatrix in her home, Theda previously stated in her affidavit that, "Mother has self-isolated to her home." Theda's assertion that "Sue Thomas had such control over [her] mother that overpowered the mind of [her] mother at the time of executing the will and codicil in question and [her] mother would not have executed them otherwise" is conclusory. Consequently, the evidence is insufficient

to present a material fact issue so as to defeat a no-evidence motion for summary judgment with respect to the issue of undue influence. *In re Estate of Butts,* 102 S.W.3d 801, 803 (Tex.App.-Beaumont 2003, pet'n den'd); *Guthrie v. Suiter, supra* at 832. Accordingly, we sustain the appellants' point on appeal with respect to the traditional motion for summary judgment on the issue of testamentary capacity, and we overrule the appellants' point on appeal with respect to the no-evidence motion for summary judgment on the issue of undue influence.

We reverse the judgment and remand the cause to the trial court for further proceedings in accordance with this opinion.