Opinion filed November 9, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00216-CV 

                                                    __________

 

             DAVID H. GIRDNER AND KYLE BROWN, INDIVIDUALLY, 

         AND
GIRDNER-BROWN FUNERAL HOME, A TEXAS GENERAL

                                        PARTNERSHIP,
Appellants

 

                                                             V.

 

                                       THOMAS
E. ROSE, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 45,972-A

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This is a property damage suit.  The trial court granted Thomas E. Rose=s no-evidence motion for summary
judgment finding that David H. Girdner and Kyle Brown, individually, and
Girdner-Brown Funeral Home, a Texas General Partnership, produced no evidence
that Rose breached a duty owed to them. 
We affirm.








                                                             I.  Background Facts

Girdner and Brown own Girdner-Brown Funeral
Home.  Rose owns Thomas Everett Fine
Furniture located across the street from the funeral home and a warehouse
adjacent to the funeral home.  In the early
morning hours of December 27, 2003, a fire started in the alley behind the
warehouse.  The fire damaged the
structure and contents of the funeral home and warehouse.  Girdner was already involved in litigation
with Rose and with the funeral home=s
landlord, Margie C. Grissom.  Girdner had
previously filed a declaratory judgment action against them alleging that he
and Grissom=s husband
had executed a lease with an option to purchase the property where the funeral
home was located.  After the fire,
Girdner filed an amended petition adding Brown and the funeral home as
plaintiffs.  Girdner and Brown alleged
that the fire was caused by Rose and Grissom=s
negligence, and they sought personal and business-related damages.

The trial court severed the fire-related claims,
and the declaratory judgment action proceeded to trial.  The trial court conducted a bench trial,
found that Girdner had no claim or right to the funeral home property, and
entered a declaratory judgment adverse to him. 
Grissom then filed a motion for summary judgment in the fire-claim
action, and Girdner and Brown nonsuited their claims against her.

Rose also filed a no-evidence motion for summary
judgment in the fire-claim action.  Rose
argued that, because Girdner had no right or claim to the funeral home
property, he and Brown were trespassers. 
Rose argued further that there was no evidence he had injured them
willfully, wantonly, or through gross negligence and, therefore, that he had no
liability as a matter of law.  Girdner
and Brown responded with an amended petition that included claims for
negligence, gross negligence, and arson. 
They requested actual and exemplary damages and attorney=s fees. 
The trial court granted Rose=s
motion for summary judgment and entered the judgment upon which this appeal is
based.

                                                                       II.  Issues

Girdner and Brown challenge the trial court=s judgment with two issues.  First, they contend that the trial court
abused its discretion by failing to give them an opportunity to amend their
petition before granting Rose=s
no-evidence motion for summary judgment. 
Second, they argue that  the trial
court incorrectly granted Rose=s
no-evidence motion for summary judgment.








                                                            III.
Standard of Review

Trial courts must grant a no-evidence motion for
summary judgment unless the nonmovant produces evidence that raises a genuine
issue of material fact on the challenged elements of his claim or defense.  Tex.
R. Civ. P. 166a(i).  We review
evidence presented in response to a no-evidence motion for summary judgment in
the same way we review evidence presented in support of, or in response to, a
traditional motion for summary judgment: we accept as true evidence favorable
to the nonmovant and indulge every reasonable inference and resolve all doubts
in favor of the nonmovant.  Hight v.
Dublin Veterinary Clinic, 22 S.W.3d 614, 619 (Tex. App.CEastland 2000, pet. denied).  If the nonmovant presents more than a
scintilla of evidence on the disputed element, summary judgment is
improper.  Id.

                                                                   IV.
Discussion

Girdner and Brown argue initially that Rose=s no-evidence motion was used as a
substitute for special exceptions and, therefore, that the trial court abused
its discretion by not affording them an opportunity to amend their
petition.  This argument fails because
Rose=s motion
did not assert a pleading deficiency B  it challenged the presence of any evidence supporting
Girdner=s and
Brown=s claims.

Furthermore, the trial court did not deprive
Girdner and Brown of the opportunity to amend their petition.  In fact, they filed their third amended
petition in direct response to Rose=s
summary judgment motion.  In their
summary judgment response, Girdner and Brown argued that Rose=s motion was premature because discovery
had not been completed.  But, at no time
prior to the trial court=s
summary judgment ruling did they make any effort to file an additional amended
petition.

Finally, Girdner and Brown do not indicate what
they could have asserted in an amended petition that would have precluded
summary judgment.  For each of these
reasons, Girdner and Brown have failed to demonstrate an abuse of discretion,
and their first issue is overruled.  








Girdner and Brown next argue that the trial court
erred by granting Rose=s
summary judgment motion.  They contend
that Rose failed to offer any summary judgment evidence but, instead, made
unsupported allegations that they were trespassers.  A no-evidence motion for summary judgment
does not require Rose to produce any evidence. 
Moreover, Girdner=s
and Brown=s rights
to the property had been resolved approximately seven months previously in the
declaratory judgment action.[1]  Rose=s
motion referred the trial court to that judgment, and the trial court was well
within its authority to take judicial notice of its previous finding.  See Tschirhart v. Tschirhart, 876
S.W.2d 507, 508 (Tex. App.CAustin
1994, no writ) (trial courts may take judicial notice of their own records).

To overcome Rose=s
no-evidence motion, Girdner and Brown were required to produce evidence that
Rose injured them willfully, wantonly, or through gross negligence.  They direct this court to their summary
judgment response, contending that it sufficiently established that Rose was
grossly negligent by stacking cardboard in the alley B
which he knew was flammable; that there had been two previous fires in the
alley; and that it was against Abilene
ordinances to store flammable materials in the alley.

The Texas Supreme Court has defined gross
negligence as an act or omission involving subjective awareness of an extreme
degree of risk, indicating conscious indifference to the rights, safety, or
welfare of others.  Transp. Ins. Co.
v. Moriel, 879 S.W.2d 10, 21 (Tex.
1994). Evidence of simple negligence alone is not sufficient to establish gross
negligence.  La.-Pac. Corp. v.
Andrade, 19 S.W.3d 245, 247 (Tex.
1999).  The defendant=s state of mind is what separates
ordinary negligence from gross negligence. 
The plaintiff must show that the defendant knew about the peril but that
his acts or omissions demonstrate that he did not care.  Williams v. Steves Indus., Inc., 699
S.W.2d 570, 573 (Tex.
1985).

Girdner and Brown point to Girdner=s affidavit where he testified that
Rose was grossly negligent because he stacked flammable cardboard in the
alley.  A bare statement such as this is
conclusory and is insufficient to defeat a no-evidence motion for summary
judgment.  See In re Estate of Grimm,
180 S.W.3d 602, 607-08 (Tex.
App.CEastland
2005, no pet.).








Girdner and Brown produced no evidence that Rose
was subjectively aware that storing cardboard in the alley created an extreme
degree of risk.  Girdner and Brown
contend in their brief that there had been two prior fires in the alley.  Their evidence for this is Girdner=s affidavit.  But Girdner did not testify that there had
been two previous fires; he testified that he was at Rose=s deposition and remembered Rose
testifying about two prior fires.  Rose=s deposition was included in their
summary judgment response.  Rose did not
testify that there had been two previous alley fires; he testified that there
had been one previous fire and that it had been in the dumpster.  Thus, there was no evidence that the stacked
cardboard had ever caught fire before.

Nor was there any evidence that the cardboard
constituted an extreme degree of risk. 
More than a remote possibility of injury or even a high probability of
minor harm, rather the likelihood of serious injury, is required.  Lee Lewis Constr., Inc. v. Harrison,
70 S.W.3d 778, 785 (Tex.
2001).  Rose confirmed that cardboard was
stacked in the alley on the night of the fire. 
Rose paid a gentleman, who collected cardboard from local businesses, to
collect their cardboard and take it to a recycling center.  Rose=s
cardboard had been collected the day before and, on this night, was stacked six
by eight feet wide and two feet tall. 
Taking as true Girdner=s
statement that Rose violated city ordinances by stacking cardboard in the
alley, this might be sufficient to establish a negligence per se cause of
action, but not gross negligence.  The
mere fact that cardboard is flammable is insufficient to make a two-foot tall
stack an extreme degree of risk.

Because Girdner and Brown produced no evidence
that Rose injured them willfully, wantonly, or through gross negligence, the
trial court did not err when it granted the no-evidence motion for summary
judgment, and Girdner and Rose=s
second issue is overruled.

                                                                     V.  Holding

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

November 9, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]Girdner also appealed the trial court=s declaratory judgment. 
In a Girdner v. Rose, No. 11- 04-00272-CV separate opinion, we
are modifying and affirming that judgment. 
Although Brown and the Partnership were not parties to that proceeding,
Girdner claimed that the funeral home was operated on property covered by a
lease with an option to purchase that he had executed individually.  Neither Brown nor the Partnership claimed
right of possession beyond this lease in response to the no-evidence motion for
summary judgment.