Theresa HOOD, Gary Dirker, Dianna Marie Franke, Christopher McGarvey, Dawn Cline, Shea Cline, Walter F. Evans, Erwin Franke III, Griselda Castro and Mary Cousey Abbott, Appellants,

v.

The RYLAND GROUP, INC., Appellee.

No. 09–94–198 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 8, 1995.

Decided Dec. 14, 1995.

Rehearing Overruled Jan. 4, 1996.

K. Michael Mayes, Conroe, for appellants.

Chris E. Ryman, Coats, Rose, Yale, Holm, Ryman, Houston, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This appeal is from a grant of summary judgment in favor of appellee The Ryland Group, Inc. (Ryland). Appellants brought an action against various defendants including Ryland for negligence, misrepresentations, breach of warranty, unconscionable conduct, defective construction and materials, violations of the Texas Deceptive Trade Practices Act, gross negligence, as well as wilful misconduct and/or fraudulent concealment. Ryland brought two motions for summary judgment based upon the statute of repose, TEX. CIV.PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986) ("section 16.009"). The first motion for summary judgment was denied. The second motion was granted. This Order also severed the action as to Ryland. Appellants properly perfected their appeal and raise a single point of error: the trial court erred in granting summary judgment.

## BACKGROUND FACTS

On June 8, 1991, the second story deck of Theresa Hood's home collapsed, seriously injuring appellants. It is admitted by Ryland that it originally constructed the house. At the time of the occurrence, Hood was renting the house from a third party, while the remaining appellants were her guests.

Appellants alleged Ryland negligently used untreated lumber as a "runner board" for the deck that had completely rotted and deteriorated, being a proximate cause of the collapse of the deck. Ryland was the original builder and therefore responsible for using this substandard untreated lumber. Appellants further contended that the usual and customary practice in the industry was to use treated wood for this type of application. Further, the generally accepted specifications for new homes constructed in this planned community were to use treated wood. Appellants also contended Ryland's

violations of industry standards were knowing and wilful and that its failure to disclose same amounted to fraudulent concealment. Finally, appellants challenged the constitutionality of section 16.009 as applied to the facts of their case.

Ryland's Second Motion for Summary Judgment was based solely upon the contention that section 16.009 barred appellants' cause of action. Therefore, our consideration of the grant of summary judgment is also based solely upon that defense.

## STANDARD OF REVIEW

■ The standards for reviewing a granting of summary judgment are well established. The movant has the burden of showing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). Evidence that favors the non-movants will be taken as true in determining whether a material fact issue exists. *Id.* at 548–549. Every reasonable inference will be indulged in favor of the non-movants and any doubts resolved in their favor. *Id.* at 549.

■ If a defendant moves for summary judgment on the basis of an affirmative defense, summary judgment is proper if it conclusively establishes all elements of that defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990).

## ARGUMENT

Appellants allege a single point of error, that the trial erred in granting summary judgment to Ryland. Appellants contend the trial court was in error because material fact questions exist precluding summary judgment and, alternatively, section 16.009 is unconstitutional if applied in the instant case.[1]

■ To establish the affirmative defense of section 16.009, Ryland must show "(1) their work on the project involved construction of improvements to real property, and (2) the work was substantially completed more than 10 years before suit." *Suburban Homes v. Austin–Northwest Dev.*, 734 S.W.2d 89, 91 (Tex.App.—Houston [1st Dist.]

1987, no writ). Additionally, Ryland must be the person who constructed the improvement. TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(a) (Vernon 1986). Appellants do not contend the construction was not an improvement to real property. However, they do challenge the other two elements.

■ In their response to Ryland's Second Motion for Summary Judgment, as well as in their brief, appellants claim there is no summary judgment evidence that Ryland was the builder, therefore section 16.009 does not apply. However, in that same response appellants clearly state "RYLAND was the original builder...." Likewise, in their response to Ryland's first Motion for Summary Judgment appellants' declare "[t]his cause concerns the collapse of a deck of a home built by RYLAND." Summary judgment proof that Ryland was the builder was unnecessary since appellants specifically allege Ryland was the builder and sued it as such. *Suburban Homes,* 734 S.W.2d at 91. "It would indeed be bizarre to be sued as [the builder] ... and then have to prove that you are [the builder]." *Id.* at 92. Additionally, "facts alleged or admitted are accepted as true by both court and jury and are binding on the party making them, and the pleader cannot introduce evidence to contradict them." *Beta Supply, Inc. v. G.E.A. Power Cooling Systems, Inc.,* 748 S.W.2d 541, 542 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ Appellants also contend there was no credible summary judgment evidence that the house in question was substantially completed over ten years prior to the suit. On this point, appellants only question the affidavit of Donald Klein. While Ryland did offer Klein's affidavit as summary judgment proof, it is not the sole offering. Ryland also presented (1) certified copies of public records indicating Ryland conveyed the house to Don W. Neely and wife Marilyn J. Neely on October 27, 1976, (2) certified copies of public records indicating the Neelys conveyed the house to the Peter S. Neison and wife Judy G. Neison on June 12, 1978, and (3) Mr.

---

1. This issue will not be addressed as the issue of whether a material fact question exists is dispositive.

Neison's deposition testimony that the house was built approximately one and a half years before he purchased it. This uncontroverted evidence establishes substantial completion of the home by the end of 1976; more than 15 years before the initiation of this suit. Therefore, Ryland conclusively established as a matter of law that section 16.009 applies in this case.

■■■ Once Ryland established the elements of its defense, the burden shifted to appellants to come forward with proof raising an issue of fact with respect to the affirmative defense.[2] *Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 32 (Tex. App.—Tyler 1991, writ denied); *Suburban Homes*, 734 S.W.2d at 91. TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(e)(3) (Vernon 1986) provides that the statute of repose does not apply to an action based upon wilful misconduct or fraudulent concealment. Therefore, appellants were required to produce evidence raising a fact issue as to either wilful misconduct or fraudulent concealment. Appellants offered the affidavit of James Manning for this purpose.

■■■ "A plaintiff alleging fraudulent concealment as an affirmative defense must show that the defendant had actual knowledge of the facts he is alleged to have concealed. One cannot fraudulently conceal facts of which one has no actual knowledge. Further, there must be a showing of a fixed purpose to conceal the wrong." *Baskin v. Mortgage and Trust, Inc.*, 837 S.W.2d at 746 (citations omitted). Manning's affidavit makes no claim, nor offers any evidence, that Ryland had *actual* knowledge of the use of untreated wood, much less that they purposely concealed that knowledge. Therefore, there is no fact issue raised regarding fraudulent concealment.

■■■ As to wilful misconduct, Ryland objects to Manning's affidavit as competent summary judgment evidence that the alleged injuries were the result of Ryland's wilful misconduct. Ryland claims the affidavit is speculative and conclusory. Ryland relies on *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex. 1984), for its claim that Manning's affidavit is

insufficient. However, *Brownlee* is distinguishable from the present case. In that case, the court found the affidavit "asserted nothing more than a legal conclusion" and "did not set forth such facts as would be admissible in evidence." *Id.* at 112. "Conclusory statements unsupported by facts in affidavits do not constitute competent summary judgment evidence." *Trapnell v. John Hogan Interests, Inc.*, 809 S.W.2d 606, 610 (Tex.App.—Corpus Christi 1991, writ denied). However, an expert is qualified to give opinions and state conclusions. *Id.* As demonstrated below, Manning's affidavit states the facts upon which his conclusion is based and in turn these facts support his ultimate conclusion.

Manning has thirty years of new home construction experience in the area and is familiar with standards of construction, treatment and use of materials and wood, and related matters in residential construction. He personally inspected the collapsed deck and the "runner board" in question. He determined the runner board was attached to the house when it was originally built; that it was untreated; that according to standard industry practice it should have been treated; that the use of an untreated runner board was the cause of the deck collapsing. From these facts, Manning concluded that the use of untreated lumber amounted to wilful misconduct.

■■■ Additionally, the relevant standard for an expert's affidavit *opposing* a motion for summary judgment is "whether it presents some probative evidence of the fact at issue." *Trapnell*, 809 S.W.2d at 611. Manning's affidavit satisfies this standard. The affidavit states industry standards required the use of treated wood for the runner board. The inference is that Ryland, as a member of the industry, is held to that standard. "[E]ven if [Manning] did not draw this inference, we would be required to do so because this is a summary judgment proceeding, and all reasonable inferences are indulged in favor of the non-movant." *Id.* at 611. It is certainly a reasonable inference that Ryland is aware of its own industry's

---

**2.** Fraudulent concealment and wilful misconduct are both affirmative defenses to section 16.009. *Baskin v. Mortgage and Trust, Inc.*, 837 S.W.2d 743, 746 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

standards and that violation of those same standards was wilful misconduct.

■■■■■ Additionally, Ryland protests that there is no evidence it intentionally used untreated lumber. However, the courts have held that issues of intent are best left to the determination of the trier of fact. *Futerfas v. Park Towers,* 707 S.W.2d 149, 157 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Bankers Commercial Life Ins. Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); *American Petrofina v. Crump Business Forms,* 597 S.W.2d 467, 471 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). "[S]ummary judgment should not be granted when the issues are inherently those for a jury, as in cases involving intent." *Futerfas,* 707 S.W.2d at 158, *citing* 4 R. McDonald, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.26.12 (rev. 1984).

Therefore, we find Manning's affidavit sufficient to raise a fact issue as to whether Ryland's use of untreated lumber amounted to wilful and intentional misconduct. Appellants' sole point of error is sustained. The judgment of the trial court is reversed.

REVERSED AND REMANDED.