**The RYLAND GROUP, INC., Petitioner,**

v.

**Theresa HOOD et al., Respondents.**

No. 96–0125.

Supreme Court of Texas.

May 31, 1996.

Rehearing Overruled July 12, 1996.

Chris E. Ryman, Michael O. Whitmire, Houston, for Petitioner.

K. Michael Mayes, Mark D. Haas, Conroe, for Respondents.

PER CURIAM.

This is a summary judgment case based on the statute of repose. In 1976, Ryland completed and sold a home. Later, Theresa Hood rented the home from its current owner. On June 8, 1991, the second story deck collapsed, seriously injuring Hood and her guests. Hood and her guests sued Ryland alleging that Ryland negligently used untreated lumber as the "runner board" for the deck that had completely rotted and deteriorated. Ryland moved for summary judgment asserting that the statute of repose barred Respondents' action because they did not file suit within the ten year statutory period prescribed by the statute of repose. Respondents raised fraudulent concealment and willful misconduct as affirmative defenses to the statute of repose in their response to Ryland's motion for summary judgment. They offered the affidavit of their expert, James Manning, a longtime contractor, as their only summary judgment proof to raise a fact issue. Ryland filed a reply alleging that Respondents did not prove their affirmative defenses. The trial court rendered summary judgment for Ryland.

The court of appeals reversed and remanded. 911 S.W.2d 931. The court of appeals concluded that: (1) Ryland conclusively established as a matter of law that the statute of repose, TEX. CIV. PRAC. & REM.CODE § 16.009, applies to this case; and (2) Manning's affidavit did not raise a fact issue about fraudulent concealment; however, (3) Manning's affidavit did raise a fact issue about whether Ryland's use of untreated lumber amounted to willful and intentional misconduct. Ryland argues that the court of appeals incorrectly reversed its summary judgment because: (1) Ryland conclusively established that § 16.009 bars the suit; and (2) Respondents did not satisfy their burden for raising a fact issue on willful misconduct. We agree and reverse the court of appeals.

■ The standards for reviewing a motion for summary judgment are well established. The movant has the burden of showing that there is no genuine material fact issue and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546, 548 (Tex.

1985). When a defendant moves for summary judgment based on an affirmative defense, such as the statute of repose, the defendant, as movant, bears the burden of proving each essential element of that defense. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). A non-movant asserting fraudulent concealment has the burden "to come forward with proof raising an issue of fact with respect to" that claim. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829 (Tex. 1994), *citing Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex.1974)(once defendant established its statute of limitations defense as a matter of law, plaintiff had burden to prove a fact issue about fraudulent concealment to defeat summary judgment).

The statute of repose requires a party to sue:

a person who constructs or repairs an improvement to real property not later than ten years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

*See* TEX. CIV. PRAC. & REM.CODE § 16.009(a). The statute, however, does not bar an action "based on willful misconduct or fraudulent concealment in connection with the performance of the construction." TEX. CIV. PRAC. & REM.CODE § 16.009(e)(3); *Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 32 (Tex.App.—Texarkana 1991, writ denied).

Ryland conclusively established that Respondents' damages occurred outside the statute's ten year limitation period. Respondents do not dispute that the statute of repose applies. Consequently, Ryland met its summary judgment burden to prove as a matter of law that section 16.009 applies because Respondents did not file suit within the ten year statutory period. *See Swilley*, 488 S.W.2d at 67. The question is whether Respondents in turn presented enough proof to raise a fact issue on their affirmative defenses—fraudulent concealment and willful misconduct, to defeat Ryland's right to summary judgment. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

Respondent's only summary judgment evidence was James Manning's affidavit. The relevant standard for an expert's affidavit opposing a motion for summary judgment is whether it presents some probative evidence of the facts at issue. *Trapnell v. John Hogan Interests, Inc.*, 809 S.W.2d 606, 611 (Tex.App.—Corpus Christi 1991, writ denied). Conclusory affidavits are not enough to raise fact issues. *Brownlee*, 665 S.W.2d at 112. They are not credible, nor susceptible to being readily controverted. *See* Tex.R. Civ. P. 166a(c).

Rule 166a(f) requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex.R. Civ. P. 166a(f); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994)(affidavit lacking testimony that statements were unequivocally based on personal knowledge was legally insufficient). An interested witness' affidavit which recites that the affiant "estimates," or "believes" certain facts to be true will not support summary judgment. *See Lightfoot v. Weissgarber*, 763 S.W.2d 624, 628 (Tex.App.—San Antonio 1989, writ denied)(holding testimony based on affiant's best knowledge and belief does not meet Rule 166a(e)'s strict requirements); *Ardila v. Saavedra*, 808 S.W.2d 645, 647 (Tex.App.—Corpus Christi 1991, no writ). Such language does not positively and unqualifiedly represent that the "facts" disclosed are true. *Brownlee*, 665 S.W.2d at 112.

In his affidavit, Manning testified that he examined the deck and exterior of the house where the deck had been attached. He stated he was of the opinion that Ryland should have treated the runner board. The court of appeals concluded that "Manning's affidavit makes no claim, nor offers any evidence that Ryland had actual knowledge of the use of untreated wood, much less that they purposely concealed that knowledge." 911 S.W.2d at 935, *citing Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 746 (Tex. App.—Houston [14th Dist.] 1992, writ denied)(holding one cannot fraudulently conceal facts of which one has no actual knowledge).

Yet, based on the same affidavit, the court of appeals concluded that Hood raised a fact issue about willful misconduct. 911 S.W.2d at 935. Manning's affidavit asserts:

> To use untreated lumber for a deck support in new construction, when treated lumber is specified, amounts to intentional or willful misconduct by the builder.

If Manning's affidavit cannot raise a fact issue that Ryland had actual knowledge of the untreated lumber, how can use of such be intentional? It cannot.

Moreover, Respondents provide no summary judgment evidence that the parties ever specified or contracted for the use of treated wood. Manning's affidavit further states:

> *It is my understanding* that neither the builder nor the subsequent deck renovator notified the inspectors, appraisers, owners, tenants, or any other party with an interest in the home of the use of the untreated wood. This failure to notify amounts to a concealment of a known violation of the specifications and industry practice. (emphasis added).

We should not equate Manning's "understanding" to personal knowledge about whether Ryland notified anyone about the use of untreated wood. *See Humphreys*, 888 S.W.2d at 470. Manning's opinion that Ryland's "failure to notify amounts to concealment or a known violation of the specifications and industry practice," is conclusory. Therefore, his affidavit does not raise a fact issue on willful misconduct. *See Brownlee*, 665 S.W.2d at 112.

Accordingly, the Court grants petitioner's application for writ of error, and under Texas Rule of Appellate Procedure 170, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment that Respondents take nothing.