COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-385-CV

 

 

CAROLYN
LEE VAULTS-CHASE                                             APPELLANT

 

                                                   V.

 

AMERICAN HONDA FINANCE                                                   APPELLEE

CORPORATION                                                                                   

 

                                              ------------

 

          FROM COUNTY
COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Pro se Appellant Carolyn Lee Vaults-Chase (ACarolyn@)
appeals from the trial court=s order
granting summary judgment in favor of Appellee American Honda Finance
Corporation (AHonda@).  Because we hold that Carolyn failed to raise
a fact issue on Honda=s claims and that Honda negated
her claims as a matter of law, we affirm the trial court=s
judgment.








Carolyn entered into a closed end vehicle lease
agreement with Honda regarding the purchase of a 2002 Honda Element.  Carolyn tendered a check to Honda for
$20,191.64, the full payment of the lease due, but the check was returned for
insufficient funds after Honda had already mistakenly sent Carolyn the car
title. Carolyn would not return the car or the title to Honda.  Consequently, Honda sued Carolyn for
repayment of the debt and conversion, seeking judgment for actual damages,
enforcement of its security interest in the car, court costs, and attorney=s
fees.  A writ of sequestration was served
on Carolyn, and the Denton County Sheriff=s office
sequestered the vehicle.        Carolyn
counterclaimed, contending that she was entitled to dissolution of the
sequestration and to judgment as a matter of law because (1) the gold standard
was suspended in 1933; therefore no one has been able to lawfully own anything
or lawfully pay a debt since then; (2) she sent a check as full payment, and
Honda accepted her offer and released the title and lien, therefore discharging
her debt; (3) Honda failed to provide her with a copy of the 1099 Original
Issue Discount; and (4) she had a superior, perfected security interest in the
car.  She sought treble damages,
amounting to $62,286.69, including costs.








Honda filed a second motion for summary judgment,
contending that its suit for damages was predicated upon breach and default of
the lease and that it had proved Carolyn=s
execution of the lease, her default, its right to recover the requested amount,
and the reasons it sent Carolyn the title to the car.  Honda served requests for admission on Carolyn,
to which she did not respond.[2]  Therefore, Honda=s second
summary judgment motion also argued that Carolyn=s deemed
admissions showed that she had no evidence to support her counterclaim.  At a scheduled hearing that Carolyn did not
attend, the trial court ordered Carolyn=s
admissions deemed, granted Honda=s motion
for summary judgment, awarded Honda damages, reasonable attorney=s fees,
postjudgment interest, and court costs, and ordered that Honda=s
security interest in the car be foreclosed.

We agree with Honda that Carolyn=s brief
is indecipherable in the appellate context. 
In the interest of justice, we will treat her brief as if it complains
generally about the summary judgment.








The elements of a breach of contract claim are
(1) the existence of a valid contract, (2) performance or tendered performance
by the plaintiff, (3) breach of the contract by the defendant, and (4) damages
to the plaintiff resulting from that breach.[3]  The summary judgment evidence, including
Carolyn=s deemed
admissions, shows as a matter of law that the contract between Carolyn and
Honda was valid, that Honda performed by providing the car and the title, that
Carolyn breached by knowingly tendering an insufficient check as full payment
of the balance due for the car, that Honda was damaged as a result of her
breach, having neither the payment for the car nor the car, that Carolyn had no
defense to Honda=s claims, and that Carolyn
suffered no monetary harm as a result of the actions of Honda and its
attorney.  The summary judgment evidence
also shows that Honda incurred reasonable attorney=s fees
in the amount of $2,500.

Consequently, applying the proper standard of
review,[4]
we hold that the trial court properly granted summary judgment for Honda as to
all claims.  We overrule all of Carolyn=s issues
and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  October 6, 2005

 








 











[1]See Tex. R. App. P.
47.4.





[2]See Tex. R. Civ. P. 198.2(c), 198.3.





[3]Harris v. Am. Prot. Ins. Co., 158 S.W.3d 614, 622-23 (Tex. App.CFort
Worth 2005, no pet.).





[4]See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003); Little v. Smith,
943 S.W.2d 414, 415 (Tex. 1997); Ryland
Group, Inc. v. Hood, 924 S.W.2d 120,
121 (Tex. 1996).