Carolyn Lee Vaults-Chase v. American Honda Finance Corporation

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-385-CV

CAROLYN LEE VAULTS-CHASE APPELLANT

V.

AMERICAN HONDA FINANCE APPELLEE

CORPORATION 

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pro se Appellant Carolyn Lee Vaults-Chase (“Carolyn”) appeals from the trial court’s order granting summary judgment in favor of Appellee American Honda Finance Corporation (“Honda”).  Because we hold that Carolyn failed to raise a fact issue on Honda’s claims and that Honda negated her claims as a matter of law, we affirm the trial court’s judgment.

Carolyn entered into a closed end vehicle lease agreement with Honda regarding the purchase of a 2002 Honda Element.  Carolyn tendered a check to Honda for $20,191.64, the full payment of the lease due, but the check was returned for insufficient funds after Honda had already mistakenly sent Carolyn the car title. Carolyn would not return the car or the title to Honda.  Consequently, Honda sued Carolyn for repayment of the debt and conversion, seeking judgment for actual damages, enforcement of its security interest in the car, court costs, and attorney’s fees.  A writ of sequestration was served on Carolyn, and the Denton County Sheriff’s office sequestered the vehicle. Carolyn counterclaimed, contending that she was entitled to dissolution of the sequestration and to judgment as a matter of law because (1) the gold standard was suspended in 1933; therefore no one has been able to lawfully own anything or lawfully pay a debt since then; (2) she sent a check as full payment, and Honda accepted her offer and released the title and lien, therefore discharging her debt; (3) Honda failed to provide her with a copy of the 1099 Original Issue Discount; and (4) she had a superior, perfected security interest in the car.  She sought treble damages, amounting to $62,286.69, including costs.

Honda filed a second motion for summary judgment, contending that its suit for damages was predicated upon breach and default of the lease and that it had proved Carolyn’s execution of the lease, her default, its right to recover the requested amount, and the reasons it sent Carolyn the title to the car.  Honda served requests for admission on Carolyn, to which she did not respond.
(footnote: 2)  Therefore, Honda’s second summary judgment motion also argued that Carolyn’s deemed admissions showed that she had no evidence to support her counterclaim.  At a scheduled hearing that Carolyn did not attend, the trial court ordered Carolyn’s admissions deemed, granted Honda’s motion for summary judgment, awarded Honda damages, reasonable attorney’s fees, postjudgment interest, and court costs, and ordered that Honda’s security interest in the car be foreclosed.

We agree with Honda that Carolyn’s brief is indecipherable in the appellate context.  In the interest of justice, we will treat her brief as if it complains generally about the summary judgment.

The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from that breach.
(footnote: 3)  The summary judgment evidence, including Carolyn’s deemed admissions, shows as a matter of law that the contract between Carolyn and Honda was valid, that Honda performed by providing the car and the title, that Carolyn breached by knowingly tendering an insufficient check as full payment of the balance due for the car, that Honda was damaged as a result of her breach, having neither the payment for the car nor the car, that Carolyn had no defense to Honda’s claims, and that Carolyn suffered no monetary harm as a result of the actions of Honda and its attorney.  The summary judgment evidence also shows that Honda incurred reasonable attorney’s fees in the amount of $2,500.

Consequently, applying the proper standard of review,
(footnote: 4) we hold that the trial court properly granted summary judgment for Honda as to all claims.  We overrule all of Carolyn’s issues and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  October 6, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. Civ. P.
 198.2(c), 198.3.

3:
Harris v. Am. Prot. Ins. Co.
, 158 S.W.3d 614, 622-23 (Tex. App.—Fort Worth 2005, no pet.).

4:
See Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 215 (Tex. 2003); 
Little v. Smith
, 943 S.W.2d 414, 415 (Tex. 1997); 
Ryland Group
,
 Inc. v. Hood
, 924 S.W.2d 120, 121 (Tex. 1996).