COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-239-CV

 

 

CHARLES
RICE                                                                    APPELLANT

 

                                                   V.

 

HCBECK,
LTD.                                                                       APPELLEE

 

                                              ------------

 

           FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








The primary issue we address in this summary
judgment case is whether the exclusive remedy provision of the Texas Workers=
Compensation Act (TWC) applies to Appellee HCBeck, Ltd., a general contractor,
making it immune from suit by an employee of Haley Greer, Inc., a
subcontractor, for injuries sustained at a worksite.[2]  Because the summary judgment evidence
conclusively establishes that HCBeck did not provide workers=
compensation insurance to Haley Greer, we hold that the exclusive remedy
provision does not apply to HCBeck. 
Accordingly, the trial court erred by granting HCBeck=s motion
for summary judgment and by denying Rice=s
reciprocal cross-motion for partial summary judgment.  We will reverse and remand.

II.  Factual and Procedural Background

The summary judgment evidence is
uncontroverted.  FMR Texas Limited
Partnership contracted with HCBeck for HCBeck to perform as general contractor
to construct an office campus for FMR on FMR=s
property.  HCBeck subcontracted a portion
of the work to Haley Greer, the employer of Appellant Charles Rice.    








The contract between FMR and HCBeck included an
Owner Controlled Insurance Program (OCIP). 
Under the OCIP, FMR, Aat its
option and cost,@ could provide workers=
compensation insurance to the general contractor and subcontractors.  The OCIP required a contractor who was
awarded a contract with FMR to apply for insurance with FMR=s
insurance representative, and upon receipt, each enrolled contractor would be
issued an individual workers=
compensation policy.  FMR was not
required to furnish the OCIP; it could terminate the program at any time, in
which case, the contractor would be required to provide alternate
insurance.  FMR=s
contract with HCBeck stated that every subcontract shall contain the following
provisions: 

.4     All
Work to be performed under the Subcontract shall be performed in accordance
with the requirements of the Contract Documents.

 

. . . .

 

.6     The
Subcontractor is subject to all of the provisions of the Contract Documents.[3]


 

The subcontract between HCBeck and Haley Greer
included the above provisions.  The
subcontract also included the following provision regarding the OCIP:

The Project will be
covered by an . . . OCIP.  The OCIP
provides Workers= Compensation and
Employers= Liability, General
Liability, Umbrella/Excess Liability, and Builder=s Risk for on-site
operations.  

. . . .

 








Upon contract award,
Subcontractor and all second-tier subcontractors must submit a completed OCIP
enrollment form along with other required documents to the Insurance
Representative.  Upon receipt of the
required forms and verification of eligibility, the Insurance Representative
will issue a certificate of insurance, naming the Enrolled Contractor or
Subcontractor an Insured, for Workers= Compensation, General Liability and
Umbrella/Excess Liability coverage.  An
individual Workers= Compensation policy will
be issued to each Enrolled Contractor and Subcontractor.  [CR 682]

 

The subcontract between HCBeck and Haley Greer incorporated provisions
of the OCIP that stated that FMR was not required to furnish the OCIP and that
if the program was terminated, Haley Greer would be required to provide its own
alternate insurance.  Haley Greer applied
for workers= compensation with FMR=s
insurance representative and was issued its own policy; that is, Haley Greer
was not added as an additional insured to HCBeck=s
policy.  Haley Greer reduced its contract
price to reimburse FMR for premiums paid by FMR for Haley Greer=s
policy; HCBeck did not reduce its contract price to pay for Haley Greer=s
premiums. 








Rice was injured while performing on the
subcontract.  He made a claim upon and
received benefits from the workers=
compensation policy issued by FMR=s
insurance representative to Haley Greer. 
Rice then filed suit against HCBeck, alleging negligence.  HCBeck moved for summary judgment, alleging
that it had Aprovided@ workers=
compensation insurance to Haley Greer via FMR=s OCIP
program and that, consequently, Rice was a Adeemed
employee@ of
HCBeck.  See id. '
406.123(a), (e).  HCBeck therefore
contended that it was immune from suit and that Rice=s only
remedy was recovery of workers=
compensation benefits.  See id. ''
406.123(a), (e), 408.001.  Rice filed a
reciprocal cross-motion for partial summary judgment, claiming that HCBeck did
not provide workers= compensation to Haley Greer
because the subcontract did not obligate HCBeck to provide coverage and
because, in fact, FMR provided the coverage, not HCBeck.  The trial court granted HCBeck=s motion
for summary judgment and denied Rice=s
reciprocal cross-motion for partial summary judgment.  

III.  Standard of Review

In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec.
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant's favor.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  Evidence
that favors the movant=s position will not be
considered unless it is uncontroverted.  Great
Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965).       The summary judgment
will be affirmed only if the record establishes that the movant has
conclusively proved all essential elements of the movant=s cause
of action or defense as a matter of law. 
Clear Creek Basin, 589 S.W.2d at 678.

A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively proves all the elements of
the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).

When both parties move for summary judgment and
the trial court grants one motion and denies the other, the reviewing court
should review both parties= summary
judgment evidence and determine all questions presented.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000).  The
reviewing court should render the judgment that the trial court should have
rendered.  Id.

IV.  No Immunity From Suit








In two issues, Rice contends that the trial court
erred by granting HCBeck=s motion for summary judgment
and by denying Rice=s reciprocal cross-motion for
partial summary judgment.  Specifically,
Rice argues that the exclusive remedy provision of the TWC does not apply to
HCBeck and that the trial court improperly applied the provisions of the deemed
employee rule.  See Tex. Lab. Code Ann. ''
406.123, 408.001.

The TWC provides an exclusive remedy to employees
covered by a workers= compensation insurance policy
who are seeking to recover for work‑related injuries.  Id. '
408.001(a).  The TWC provides that A[a]
general contractor and a subcontractor may enter into a written agreement under
which the general contractor provides workers=
compensation insurance coverage to the subcontractor and the employees of the
subcontractor.@ 
Id. ' 406.123(a) (emphasis
added).  The agreement Amakes
the general contractor the employer of the subcontractor and the subcontractor=s
employees only for purposes of the workers=
compensation laws.@ 
Id. ' 406.123(e).  Further, the TWC permits the general
contractor, upon entering into such an agreement, to withhold from the
subcontractor any amount resulting from additional insurance premiums incurred
by providing workers= compensation coverage to the
subcontractors= employees.  Id. '
406.123(d). 








HCBeck argues that the Texarkana Court of Appeals=
decision in Williams v. Brown & Root, Inc. is dispositive of Rice=s
arguments.  See 947 S.W.2d 673,
675 (Tex. App.CTexarkana 1997, no writ).  Although not binding on this court, Brown
& Root is relevant to our discussion.  See id. 
Eastman and Brown & Root entered into a contract for Brown &
Root to provide occasional construction services to Eastman.  Id. 
Eastman agreed to furnish workers=
compensation insurance to Brown & Root when it was working for
Eastman.  Id.  Eastman, the owner acting as general
contractor, subcontracted work to Brown & Root, and Brown & Root
subcontracted a portion of its work to Tracer. 
Id.  AActing
under Eastman=s authority, Brown & Root
agreed to provide workers= compensation insurance coverage
for Tracer through Eastman=s
[OCIP].@  Id. 
Eastman=s insurance agent added Tracer
as an insured, and both subcontractors reduced their contract prices by the
cost of providing workers= compensation coverage.  Id. 
A Tracer employee was injured at the worksite, received workers=
compensation benefits, and then sued Brown & Root for negligence.  Id. 
The court held that Brown & Root, the subcontractor, provided
workers=
compensation insurance to Tracer Abecause
of the contract between Eastman and Brown & Root.@  Id. at 677-78.  The provisions of that contract, however, are
not recited in the opinion.  See id.
at 675.








HCBeck nonetheless contends that Brown &
Root supports its position because the Texarkana court stated that Athe
manner in which the insurance is paid is immaterial, so long as there is a
compensation policy in force.@  See id. at 677.  While it is true that HCBeck needed only to Aprovide,@ and not
necessarily to pay for, coverage for Haley Greer in order to be considered an
employer of Haley Greer and its employees for purposes of workers=
compensation laws, HCBeck=s contract with Haley GreerCwhich
simply incorporated FMR=s OCIP into the subcontract
under the direct order of FMR in its contract with HCBeckCis
insufficient to constitute Aproviding@ workers=
compensation insurance to Haley Greer for the reasons set forth below.  See Tex.
Lab. Code Ann. ' 406.123(a), (e).  








In its contract with Haley Greer, HCBeck only
directed Haley Greer to acquire a separate workers=
compensation insurance policy through FMR=s
insurance representative.  The alternate
insurance provision of the OCIPCincorporated
into the subcontractCrequired Haley Greer to provide
its own insurance if FMR elected to terminate the OCIP.  There is no evidence that under the
subcontract, HCBeck would provide Haley Greer with alternate insurance in the
event that FMR cancelled its insurance. 
Also, HCBeck had no control over FMR=s
decision on whether or not to furnish Haley Greer with insurance, and even
after acceptance, FMR could cancel Haley Greer=s
insurance policy at any time.  Neither requiring
an OCIP application nor requiring a subcontractor to obtain its own
insurance constitutes providing insurance.  Requiring is not providing.  Thus, the contract between HCBeck and Haley
Greer, apparently unlike the contract between Eastman and Brown & Root,
does not indicate that HCBeck Aprovided@
insurance to Haley Greer.








HCBeck also argues that Etie v. Walsh &
Albert Co. supports the trial court=s
summary judgment.  See 135 S.W.3d
764 (Tex. App.CHouston [1st Dist.] 2004, pet.
denied).  In that case, the general
contractor Aexercised an option in its
contract with [the subcontractor] to buy a single workers=
compensation insurance policy to cover all subcontractors and employees@ at the
worksite.[4]  Id. at 765. The Houston First court
held that when a general contractor has purchased workers=
compensation insurance to cover all workers on the site, all subcontractors and
lower tiered subcontractors who are collectively covered by the insurance are
immune from suit.  Id. at
768.  Etie dealt with a lower
tiered subcontractor=s liability, and the general
contractor clearly provided workers=
compensation to its subcontractors as that was not an issue in the case.  See id. at 767-78.  Here, HCBeck did not take any part in
providing workers= compensation coverage to Haley
Greer. 

After reviewing both parties= summary
judgment evidence, we hold that the summary judgment record establishes as a
matter of law that HCBeck did not provide workers=
compensation insurance to Haley Greer and that, therefore, Haley Greer was not
the deemed employee of HCBeck.  See FM
Props. Operating Co., 22 S.W.3d at 872. 
Thus, we hold that the trial court erred by granting summary judgment
for HCBeck and by denying partial summary judgment for Rice on the issue of
HCBeck=s
immunity from suit. We sustain Rice=s two
issues.

V.  Conclusion

Having sustained Rice=s two
issues on appeal, we reverse the trial court's summary judgment for HCBeck and
render partial summary judgment for Rice on the issue of HCBeck=s
immunity from suit.  We remand the case
to the trial court.

 

 

SUE WALKER

JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED: April 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Lab. Code Ann. ''
406.123, 408.001 (Vernon 2006).





[3]The Contract Documents included the contract between
FMR and HCBeck, as well as the OCIP Handbook. 





[4]The subcontractor entered into a lower tier
subcontract with Walsh & Albert, and Walsh & Albert and its employees
were also covered by the policy.  Id.  An employee of the subcontractor was injured,
he recovered workers= compensation benefits, and he also sued Walsh &
Albert for negligence.  Id. at
765-66.