Charles Rice v. HC Beck, Ltd.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-239-CV

CHARLES RICE APPELLANT

V.

HCBECK, LTD. APPELLEE

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The primary issue we address in this summary judgment case is whether the exclusive remedy provision of the Texas Workers’ Compensation Act (TWC) applies to Appellee HCBeck, Ltd., a general contractor, making it immune from suit by an employee of Haley Greer, Inc., a subcontractor, for injuries sustained at a worksite.
(footnote: 2)  Because the summary judgment evidence conclusively establishes that HCBeck did not provide workers’ compensation insurance to Haley Greer, we hold that the exclusive remedy provision does not apply to HCBeck.  Accordingly, the trial court erred by granting HCBeck’s motion for summary judgment and by denying Rice’s reciprocal cross-motion for partial summary judgment.  We will reverse and remand.

II.  Factual and Procedural Background

The summary judgment evidence is uncontroverted.  FMR Texas Limited Partnership contracted with HCBeck for HCBeck to perform as general contractor to construct an office campus for FMR on FMR’s property.  HCBeck subcontracted a portion of the work to Haley Greer, the employer of Appellant Charles Rice.    

The contract between FMR and HCBeck included an Owner Controlled Insurance Program (OCIP).  Under the OCIP, FMR, “at its option and cost,” could provide workers’ compensation insurance to the general contractor and subcontractors.  The OCIP required a contractor who was awarded a contract with FMR to apply for insurance with FMR’s insurance representative, and upon receipt, each enrolled contractor would be issued an individual workers’ compensation policy.  FMR was not required to furnish the OCIP; it could terminate the program at any time, in which case, the contractor would be required to provide alternate insurance.  FMR’s contract with HCBeck stated that every subcontract shall contain the following provisions: 

.4 All Work to be performed under the Subcontract shall be performed in accordance with the requirements of the Contract Documents.

. . . .

.6 The Subcontractor is subject to all of the provisions of the Contract Documents.
(footnote: 3) 

The subcontract between HCBeck and Haley Greer included the above provisions.  The subcontract also included the following provision regarding the OCIP:

The Project will be covered by an . . . OCIP.  The OCIP provides Workers’ Compensation and Employers’ Liability, General Liability, Umbrella/Excess Liability, and Builder’s Risk for 
on-site
 operations.  

. . . .

Upon contract award, Subcontractor and all second-tier subcontractors must submit a completed OCIP enrollment form along with other required documents to the Insurance Representative.  Upon receipt of the required forms and verification of eligibility, the Insurance Representative will issue a certificate of insurance, naming the Enrolled Contractor or Subcontractor an Insured, for Workers’ Compensation, General Liability and Umbrella/Excess Liability coverage.  An individual Workers’ Compensation policy will be issued to each Enrolled Contractor and Subcontractor.  [CR 682]

The subcontract between HCBeck and Haley Greer incorporated provisions of the OCIP that stated that FMR was not required to furnish the OCIP and that if the program was terminated, Haley Greer would be required to provide its own alternate insurance.  Haley Greer applied for workers’ compensation with FMR’s insurance representative and was issued its own policy; that is, Haley Greer was not added as an additional insured to HCBeck’s policy.  Haley Greer reduced its contract price to reimburse FMR for premiums paid by FMR for Haley Greer’s policy; HCBeck did not reduce its contract price to pay for Haley Greer’s premiums. 

Rice was injured while performing on the subcontract.  He made a claim upon and received benefits from the workers’ compensation policy issued by FMR’s insurance representative to Haley Greer.  Rice then filed suit against HCBeck, alleging negligence.  HCBeck moved for summary judgment, alleging that it had “provided” workers’ compensation insurance to Haley Greer via FMR’s OCIP program and that, consequently, Rice was a “deemed employee” of HCBeck.  
See id.
 § 406.123(a), (e).  HCBeck therefore contended that it was immune from suit and that Rice’s only remedy was recovery of workers’ compensation benefits.  
See id.
 §§ 406.123(a), (e), 408.001.  Rice filed a reciprocal cross-motion for partial summary judgment, claiming that HCBeck did not provide workers’ compensation to Haley Greer because the subcontract did not obligate HCBeck to provide coverage and because, in fact, FMR provided the coverage, not HCBeck.  The trial court granted HCBeck’s motion for summary judgment and denied Rice’s reciprocal cross-motion for partial summary judgment.  

III.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.  
FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000).  The reviewing court should render the judgment that the trial court should have rendered.  
Id
.

IV.  No Immunity From Suit

In two issues, Rice contends that the trial court erred by granting HCBeck’s motion for summary judgment and by denying Rice’s reciprocal cross-motion for partial summary judgment.  Specifically, Rice argues that the exclusive remedy provision of the TWC does not apply to HCBeck and that the trial court improperly applied the provisions of the deemed employee rule.  
See 
Tex. Lab. Code Ann. 
§
§ 406.123, 408.001.

The TWC provides an exclusive remedy to employees covered by a workers’ compensation insurance policy who are seeking to recover for work-related injuries.  
Id.
 § 408.001(a).  The TWC provides that “[a] general contractor and a subcontractor may enter into a written agreement under which the general contractor 
provides 
workers’ compensation insurance coverage to the subcontractor and the employees of the subcontractor.”  
Id.
 § 406.123(a) (emphasis added).  The agreement “makes the general contractor the employer of the subcontractor and the subcontractor’s employees only for purposes of the workers’ compensation laws.”  
Id.
 § 406.123(e).  Further, the TWC permits the general contractor, upon entering into such an agreement, to withhold from the subcontractor any amount resulting from additional insurance premiums incurred by providing workers’ compensation coverage to the subcontractors’ employees.  
Id. 
§ 406.123(d). 

HCBeck argues that the Texarkana Court of Appeals’ decision in 
Williams v. Brown & Root, Inc.
 is dispositive of Rice’s arguments.  
See 
947 S.W.2d 673, 675 (Tex. App.—Texarkana 1997, no writ).  Although not binding on this court,
 Brown & Root 
is relevant to our discussion. 
 See id.
  Eastman and Brown & Root entered into a contract for Brown & Root to provide occasional construction services to Eastman.  
Id.
  Eastman agreed to furnish workers’ compensation insurance to Brown & Root when it was working for Eastman.  
Id.  
Eastman, the owner acting as general contractor, subcontracted work to Brown & Root, and Brown & Root subcontracted a portion of its work to Tracer.  
Id.
  “Acting under Eastman’s authority, Brown & Root agreed to provide workers’ compensation insurance coverage for Tracer through Eastman’s [OCIP].”  
Id.
  Eastman’s insurance agent added Tracer as an insured, and both subcontractors reduced their contract prices by the cost of providing workers’ compensation coverage.  
Id.
  A Tracer employee was injured at the worksite, received workers’ compensation benefits, and then sued Brown & Root for negligence.  
Id.
  The court held that Brown & Root, the subcontractor, provided workers’ compensation insurance to Tracer “because of the contract between Eastman and Brown & Root.”  
Id.
 at 677-78.  The provisions of that contract, however, are not recited in the opinion.  
See id.
 at 675.

HCBeck nonetheless contends that 
Brown & Root
 supports its position because the Texarkana court stated that “the manner in which the insurance is paid is immaterial, so long as there is a compensation policy in force.”  
See id.
 at 677.  
While it is true that HCBeck needed only to “provide,” and not necessarily to pay for, coverage for Haley Greer in order to be considered an employer of Haley Greer and its employees for purposes of workers’ compensation laws, HCBeck’s contract with Haley Greer—which simply incorporated FMR’s OCIP into the subcontract under the direct order of FMR in its contract with HCBeck—is insufficient to constitute “providing” workers’ compensation insurance to Haley Greer for the reasons set forth below.  
See 
Tex. Lab. Code Ann. 
§ 406.123(a), (e).  

In its contract with Haley Greer, HCBeck only directed Haley Greer to acquire a separate workers’ compensation insurance policy through FMR’s insurance representative.  The alternate insurance provision of the OCIP—incorporated into the subcontract—required Haley Greer to provide its own insurance if FMR elected to terminate the OCIP.  There is no evidence that under the subcontract, HCBeck would provide Haley Greer with alternate insurance in the event that FMR cancelled its insurance.  Also, HCBeck had no control over FMR’s decision on whether or not to furnish Haley Greer with insurance, and even after acceptance, FMR could cancel Haley Greer’s insurance policy at any time.  Neither 
requiring 
an OCIP application nor 
requiring 
a subcontractor to obtain its own insurance constitutes 
providing
 insurance.  Requiring is not providing.  Thus, the contract between HCBeck and Haley Greer, apparently unlike the contract between Eastman and Brown & Root, does not indicate that HCBeck “provided” insurance to Haley Greer.

HCBeck also argues that 
Etie v. Walsh & Albert Co.
 supports the trial court’s summary judgment.  
See 
135 S.W.3d 764 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).  In that case, the general contractor “exercised an option in its contract with [the subcontractor] to buy a single workers’ compensation insurance policy to cover all subcontractors and employees” at the worksite.
(footnote: 4)  
Id. 
at 765. The Houston First court held that when a general contractor has purchased workers’ compensation insurance to cover all workers on the site, all subcontractors and lower tiered subcontractors who are collectively covered by the insurance are immune from suit.  
Id.
 at 768.  
Etie
 dealt with a lower tiered subcontractor’s liability, and the general contractor clearly provided workers’ compensation to its subcontractors as that was not an issue in the case.  
See id.
 at 767-78.  Here, HCBeck did not take any part in providing workers’ compensation coverage to Haley Greer. 

After reviewing both parties’ summary judgment evidence, 
we hold that the summary judgment record establishes as a matter of law that HCBeck did not provide workers’ compensation insurance to Haley Greer and that, therefore, Haley Greer was not the deemed employee of HCBeck.  
See FM Props. Operating Co.
, 22 S.W.3d at 872.  Thus, we hold that the trial court erred by granting summary judgment for HCBeck and by denying partial summary judgment for Rice on the issue of HCBeck’s immunity from suit. We sustain Rice’s two issues.

V.  Conclusion

Having sustained Rice’s two issues on appeal, we reverse the trial court's summary judgment for HCBeck and render partial summary judgment for Rice on the issue of HCBeck’s immunity from suit.  We remand the case to the trial court.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Tex. Lab. Code Ann. 
§§ 406.123, 408.001 (Vernon 2006).

3:
The Contract Documents included the contract between FMR and HCBeck, as well as the OCIP Handbook. 

4:
The subcontractor entered into a lower tier subcontract with Walsh & Albert, and Walsh & Albert and its employees were also covered by the policy.  
Id.
  An employee of the subcontractor was injured, he recovered workers’ compensation benefits, and he also sued Walsh & Albert for negligence.  
Id.
 at 765-66.