IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-07-00260-CR,
10-07-00261-CR, 10-07-00262-CR,

10-07-00263-CR, 10-07-00264-CR,
10-07-00265-CR,

10-07-00266-CR, 10-07-00267-CR,
10-07-00268-CR,

10-07-00269-CR and 10-07-00270-CR

 

Karl Keith Noland,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 05-04140-CRF-85,
05-04141-CRF-85,

05-04142-CRF-85, 05-04143-CRF-85,
05-04144-CRF-85,

05-04145-CRF-85, 05-04146-CRF-85,
05-04147-CRF-85,

05-04148-CRF-85, 05-04149-CRF-85,
and 05-04150-CRF-85

 



ABATEMENT ORDER










 

            An appellant’s brief is overdue in
these appeals.  

            We abate these appeals to the trial
court to conduct any necessary hearings within 30 days of the date of this
Order pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).

            The supplemental clerk’s and
reporter’s records required by the rule, if any, are ordered to be filed within
45 days of the date of this Order.  See id.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed July 2, 2008

Do
not publish






 judgment because a material fact issue was raised regarding
Ellis County’s duty to warn. As will be discussed herein, Ellis County’s duty depends on the
nature of the defect and Littlejohn’s knowledge of the defect. See id. § 101.022.
      The Tort Claims Act waives governmental immunity and permits liability for personal injuries
caused by a condition or use of tangible personal or real property to the extent a private person
would be liable under Texas law. Id. § 101.021(2). Section 101.022 is also applicable to this case:
(a) If a claim arises from a premise defect, the governmental unit owes to the claimant
only the duty that a private person owes to a licensee on private property, unless the
claimant pays for the use of the premises.
 
(b) The limitation of duty in this section does not apply to the duty to warn of special
defects such as excavations or obstructions on highways, roads, or streets. . . 
 
Id. § 101.022. Therefore, we must first determine whether the existence of gravel on the road was
a premise defect or a special defect. 
      The court decides whether a condition is a special defect as a matter of law. State Dept. Of
Highways & Public Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992). Special defects are
excavations or obstructions, or other conditions which “present an unexpected and unusual danger
to ordinary users of roadways.” State Dept. Of Highways & Public Transp. v. Kitchen, 867
S.W.2d 784, 786 (Tex. 1993) (quoting Payne, 838 S.W.2d at 238). The road where Littlejohn had
the accident was composed of asphalt and gravel. Therefore, the presence of gravel on the road
was neither “unusual or unexpected.” Id. 
      Conditions which are “long-standing, routine, or permanent” are not special defects. See
Tarrant County Water Control & Improvement Dist. No. 1 v. Crossland, 781 S.W.2d 427, 433
(Tex. App.—Fort Worth 1989, writ denied). As part of the road’s composition, gravel on the road
was long-standing and routine. See id. Special defects are not open and obvious. See Payne v.
City of Galveston, 772 S.W.2d 473, 477 (Tex. App.—Houston [14th Dist.] 1989, writ denied). 
In this case, Littlejohn said she saw the gravel on the road. Therefore, we conclude in this case
that the gravel on the road was a premise defect and not a special defect. 
      As a result, Ellis County owed Littlejohn only the duty that a private person owes a licensee
on private property. See id. § 101.022(a). This duty requires that a landowner not injure a
licensee by willful, wanton, or grossly negligent conduct. Payne, 838 S.W.2d at 237. Also, the
owner must use ordinary care to warn a licensee, or to make reasonably safe, a dangerous condition
of which the owner is aware and the licensee is not. Id. If Littlejohn had reasonable knowledge
of the gravel, then Ellis County had no duty to warn. 
KNOWLEDGE OF DEFECT
      Littlejohn argues that the summary judgment evidence creates a fact issue regarding
Littlejohn’s knowledge of the gravel on the road. Littlejohn testified in her deposition that she had
driven on other parts of Mt. Zion that day and had noticed loose gravel on those portions of the
road. She said that gravel on Mt. Zion east of the accident site had made her car go sideways a
little bit. Littlejohn testified that her friend told her to be careful on the road. Littlejohn also
testified to the following:
DEFENSE COUNSEL: Was the amount of gravel--did it look the same? Did the amount
seem the same as in the other parts of Mt. Zion that you’d been on that day? 
 
LITTLEJOHN: I knew there was gravel going this way, so I knew to be careful. Because
when I turned off of High Ridge, I went down a little bit and then the gravel started up
again. So I knew to be careful starting off anyway.
 
DEFENSE COUNSEL: All right. So right after you turned onto Mt. Zion, you again
noticed the gravel on the way to the accident point, after you turned from High Ridge onto
Mt. Zion to go home?
 
LITTLEJOHN: Yes.
 
. . .
 
LITTLEJOHN: I pushed on my brake before I got to the point going down the hill,
because I knew there was a hill coming and I needed to go slower.
 
DEFENSE COUNSEL: And the reason you needed to go slower was you recognized the
gravel as a hazard that might cause your car to slide or lose control?
 
LITTLEJOHN: Yes.
 
Littlejohn then lost control of her car as she went down this hill. Littlejohn’s deposition testimony
shows that she was aware that gravel existed on Mt. Zion and that she knew she needed to be
careful.  
      Littlejohn argues that her controverting affidavit creates a fact issue in regard to her knowledge
of the defect. She states in her affidavit that she knew there was gravel and knew to be careful. 
She says, “The problem is I did not know where all the gravel was because there were no signs. 
It wasn’t the same all over.” She claims the affidavit raises a fact issue as to whether she had 
actual knowledge of the amount of gravel that existed at the accident site and the danger it posed. 
      Littlejohn also states in her affidavit, “Never did I think [the gravel] was dangerous enough
to cause an accident. Although I was aware there was gravel on the road I was certainly not aware
that it was a ‘defect.’” In these sentences, Littlejohn admits that the gravel could be dangerous. 
In conclusory fashion, however, she claims she did not realize the gravel was dangerous enough
to pose a defect. Conclusory allegations, such as this, are not enough to raise fact issues. See
Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996). 
       In Lower Neches Valley Authority v. Murphy, Murphy dived into a canal and struck his head
on a mound of clay on the bottom of the canal. 536 S.W.2d 561, 562 (Tex. 1976). Murphy
testified in his deposition that he knew there were mounds in the canal and he knew to be careful. 
Id. He testified that he did not know that a mound existed at the exact spot where he dived. Id. 
Murphy argued that this created a fact issue. The court said that the dangerous condition was the
existence of the mounds of clay in the canal, which Murphy had full knowledge of, and not the
mound that Murphy struck. Id. at 563. 
      In a similar manner, the summary judgment evidence establishes that even though Littlejohn
did not know exactly where the gravel was located, she did know that gravel existed on the road
and that she needed to be careful.
      In a summary judgment proceeding, the movant has the burden to establish that no genuine
issue of material fact exists and that it is entitled to judgment as a matter of law. Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). All evidence which favors the non-movant is taken as true. Id. at 548-549. Every reasonable inference is indulged and all doubts are
resolved in favor of the non-movant. Id. at 549. 
      Littlejohn’s deposition testimony and affidavit show that she had actual knowledge of the gravel
on the road and recognized the need to be careful when driving on it. Resolving all doubts in
Littlejohn’s favor, we conclude that her summary judgment evidence does not raise a material fact
issue regarding her knowledge of the gravel. 
      Therefore, we overrule Littlejohn’s first point of error.
DUTY TO WARN
      Littlejohn’s second point of error alleges that the court erred in granting the summary judgment
because a material fact issue was raised regarding Ellis County’s duty to warn. The court correctly
determined that the gravel on the road was a premise defect. Therefore, Ellis County owed
Littlejohn the same duty to warn that a private person owes a licensee. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.022(a). A private person must use ordinary care to warn a licensee of a
dangerous condition of which he is aware and the licensee is not. Payne, 838 S.W.2d at 237. 
       As discussed above, the summary judgment evidence shows that Littlejohn had knowledge of
the existence of gravel on the road and that she needed to be careful. Therefore, Ellis County had
no duty to warn Littlejohn of the gravel. We find that the summary judgment evidence raises no
material fact issues regarding Ellis County’s duty to warn. 
      We overrule Littlejohn’s second point of error.
APPLICABILITY OF STATUTE
      Littlejohn alleges in her third point of error that the court erred in dismissing her claim on
summary judgment because she had made a prima facie case under the Torts Claims Act. See id.
§ 101.021. Only Section 101.021(2), which permits liability for personal injuries caused by a
condition or use of real property, is applicable to the facts of this case. As discussed above, no
material fact issue existed under § 101.022 which governs when a premise defect is alleged. 
      Section 101.021(1) is inapplicable because it allows liability for property damage and personal
injury only when caused by the wrongful act of an employee while operating or using a motor-driven vehicle. Littlejohn cannot recover property damages under this provision because she,
rather than a government employee, was the operator of the motor vehicle which caused the damage
and injury. See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992);
See City of Columbus v. Barnstone, 921 S.W.2d 268, 272 (Tex. App.—Houston [1st Dist.] 1995,
no writ). Littlejohn was the driver of her car when it crashed. Therefore, Littlejohn did not make
a prima facie case under section 101.021. We overrule Littlejohn’s third point of error.
      Because the summary judgment evidence raises no material fact issues regarding Littlejohn’s
knowledge or Ellis County’s duty to warn and because Littlejohn failed to state a prima facie case
under Section 101.021, Ellis County is entitled to summary judgment as a matter of law. Nixon,
690 S.W.2d at 548.
      Accordingly, we affirm the judgment.
 
                                                                               REX D. DAVIS 
                                                                               Chief Justice                                
Before Chief Justice Davis
      Justice Cummings and
      Justice Vance
Affirmed
Opinion delivered and filed October 1, 1997
Do Not Publish