

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00294-CV

———————————————

REGINA NACHAEL HOWELL FOSTER, Appellant

V.

MACKIE WOLF ZIENTZ & MANN, P.C., Appellee

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-317495-20

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel
Justice Womack concurs without opinion.

# MEMORANDUM OPINION

## I. Introduction

Appellant Regina Nachael Howell Foster, acting pro se, raises five issues attacking the trial court's granting of Appellee Mackie Wolf Zientz & Mann PC's (the Law Firm) no-evidence motion for summary judgment. We sustain Foster's argument that the trial court erred by granting the Law Firm's no-evidence motion for summary judgment because the motion improperly sought a no-evidence summary judgment on the affirmative defense of attorney immunity, for which it carried the burden of proof. Further, even if the Law Firm could have sought a no-evidence summary judgment on its own affirmative defense of immunity, attorney immunity does not provide a defense to the full range of claims made by Foster. Thus, we reverse and remand this case to the trial court.

## II. Factual and Procedural Background

We struggle to interpret Foster's pleadings and the contours of her claims. In essence, her original petition challenged the validity of a foreclosure on her home (the property). Her suit, however, was not brought against the lienholder or the company servicing the loan. Instead, she sued the Law Firm, which apparently represented the lienholder and servicer during the foreclosure process. Foster also sued various persons named as substitute trustees under the deed of trust creating the lien against the property. After granting summary judgment to the Law Firm, the trial court severed the claims against the Law Firm from those made against parties acting as

substitute trustees; this appeal deals only with the summary judgment granted in favor of the Law Firm.

As best we can glean from her pleadings, Foster claims that the Law Firm made a number of errors in how it conducted the foreclosure. Her petition highlights several communications passing between her and the Law Firm that occurred during the foreclosure process. The communications were as follows: (1) a November 30, 2016 letter from the Law Firm to Foster asserting that a default occurred on the indebtedness involving the property and that the Law Firm would collect the indebtedness and enforce the deed-of-trust lien securing the indebtedness; (2) a December 15, 2016 letter from Foster to the Law Firm demanding proof of the indebtedness referenced in the November 30 letter that Foster claims the Law Firm did not respond to; (3) a March 1, 2017 collection letter, which allegedly included an unsigned notice of foreclosure sale stating that a sale would be conducted on April 4, 2017, and which listed the names of individuals employed by the Law Firm who purported to act as substitute trustees to conduct the sale; and (4) an April 12, 2017 letter from the Law Firm to Foster that informed her that a foreclosure sale had occurred and that gave her notice to vacate the property.

Foster's petition then itemizes the errors that she claims occurred during the foreclosure process—such as improper acceleration of the indebtedness, improper appointment of substitute trustees who would enforce the terms of the deed of trust, and a violation of her rights under the Texas Constitution due to the lien against her

homestead being invalid because she did not sign the note creating the indebtedness—and includes claims that appear to be for trespass to try title and to quiet title. The petition also sought a temporary injunction to restrain the defendants in the suit from evicting Foster from the property; the trial court denied Foster's temporary-injunction request.

Foster's claims that form the crux of this opinion are that the Law Firm not only made mistakes in how it conducted the foreclosure but also violated the provisions of the Texas Debt Collection Practices Act (TDCPA), which is found in the Texas Finance Code. It appears that Foster claims that the Law Firm violated Section 392.202 of the Finance Code by failing to respond to her demand for verification of the debt she allegedly owed and by not ceasing collection efforts until providing that verification. She also contends that the representations made by the Law Firm in the various letters described above were actionable misrepresentations under the TDCPA.

Before the suit reached its disposition by summary judgment, a number of procedural steps occurred. The Law Firm filed an original and amended Rule 91a motion to dismiss; Foster responded to those motions. The record contains no ruling on these motions. The suit was removed to federal court and then remanded. Foster filed a motion to recuse a visiting judge who had heard her motion to reconsider the denial of her request for a temporary injunction; that motion was denied.

4

After this sequence of events, the Law Firm filed a no-evidence motion for summary judgment. Foster responded. A few days after Foster filed her response, the Law Firm filed an amended no-evidence motion for summary judgment.

The extent of the grounds stated in the Law Firm's amended motion are as follows:

A. [The Law Firm] is entitled to summary judgment on [Foster's] claims.

**A. {No[-]Evidence Ground.} [Foster] asserts no cause of action [that] applies to [the Law Firm] outside of its role as foreclosure counsel.**

1. {No[-]Evidence Ground.} [The Law Firm] is shielded by attorney immunity.

**B. {No[-]Evidence Ground.} [Foster] fails to assert, as a matter of law, a cause of action against [the Law Firm that] would entitle her to relief.**

1. {No[-]Evidence Ground} [Foster] cannot prove the necessary elements of her causes of action.

The motion primarily focused on the Law Firm's assertion that attorney immunity shielded it from Foster's claims and then set forth brief discussions of the issues of wrongful foreclosure, the TDCPA, declaratory judgment, suit to quiet title, and injunctive relief. To the motion, the Law Firm attached a federal district court memorandum and opinion and order granting summary judgment on Foster's claims against, among others, Deutsche Bank National Trust Co., one of the defendants in this case and the Fifth Circuit opinion affirming that summary judgment.

Foster did not file a response to the amended motion. The trial court granted the amended no-evidence motion, ordered that Foster take nothing on her claims against the Law Firm, and dismissed those claims with prejudice.

The granting of the amended motion produced more activity that spanned two years. Foster filed a motion for new trial that alleged that the trial court had erred by granting a summary judgment "by default," that Foster's failure to appear at the summary-judgment hearing was not the result of conscious indifference, that the trial court should have considered Foster's pleading filed in response to the Law Firm's original no-evidence summary-judgment motion, that there was evidence that the Law Firm had acted as a debt collector and was liable under the TDCPA, that the deed-of-trust lien on the property was invalid, that the note secured by the lien was improperly accelerated, that the document creating the indebtedness and lien violated the statute of frauds, and that the doctrine of res judicata did not bar her claims. The trial court denied the motion for new trial.

About a year after the trial court denied Foster's motion for new trial, she filed a "Motion to Set Aside Interlocutory Order [on] No[-]Evidence [Motion for] Summary Judgment for Intrinsic Fraud." As best we can interpret, the motion's grounds are that the Law Firm had not disclosed a notice of acceleration sent with respect to the debt at issue, that acceleration triggered the accrual of a cause of action on the indebtedness, and that enforcement of the indebtedness was barred by limitations by the time the Law Firm had sent Foster correspondence regarding the

6

foreclosure. In Foster's view, the Law Firm committed a fraud that undermined the Law Firm's ability to claim immunity from her claims. Foster also reiterated that the lien against the property was void. The Law Firm responded. Foster then filed a motion to strike the Law Firm's response to the motion to set aside. The trial court denied the motion to set aside.

The Law Firm then filed a motion to sever Foster's claims against it into a separate cause. Foster objected to the requested severance. The trial court granted the motion to sever. Foster then filed a motion for new trial. The trial court did not sign a written order with respect to that motion. Foster filed a notice of appeal.

## III. Analysis

### A. We apply a de novo standard of review.

We review a grant of summary judgment de novo. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010) (op. on reh'g). We cannot "'read between the lines' or infer from the pleadings any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court." *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). "A motion for summary judgment must stand or fall on its own merits." *Haver v. Coats*, 491 S.W.3d 877, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

**B.     Foster's brief includes contentions regarding why the Law Firm's amended no-evidence motion for summary judgment violated the provisions of Texas Rule of Civil Procedure 166a(i).**

Though buried deeply within the verbiage of her brief, Foster targets deficiencies in the Law Firm's amended no-evidence motion for summary judgment. She highlights that a party seeking summary judgment on an affirmative defense carries the burden of establishing that defense as a matter of law. She concludes her argument by highlighting that she sued the Law Firm for acts outside its role as counsel for the lienholder and servicer and that the Law Firm attempted to shift the burden of proof to her on its own affirmative defense:

> Conclusionary averments that [the Law Firm's] "alleged failure to respond to a demand from [Foster] to verify the debt" did not prove that [the Law Firm had] complied with the Texas Debt Collection Practice[s] Act when [she] did not sign the [p]romissory [n]ote or that [the Law Firm] complied with [Section] 51.002(d) by proving that they "serve[d] a debtor in default under a deed of trust" as required by the plain meaning of Tex. Prop. Code [Ann. Section] 51.002(d). Rule 166a(i) does not authorize general no-evidence challenges or conclusory motions. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017) (citing Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)). [The Law Firm] cannot shift [its] burden to prove [its] affirmative defense of attorney immunity by simply claiming that Foster "has not ple[aded] any facts to show that [the Law Firm] was acting outside its capacity as foreclosure counsel for the other defendants."[1] [Footnotes omitted.]

---

[1]Foster's issues on appeal do not specifically mention the technical failings of the Law Firm's no-evidence motion, but as noted above, she raises various attacks on the propriety of the Law Firm's use of a no-evidence motion for summary judgment. Based on the specific argument that we quoted from her brief, we conclude that the argument attacking the form of the motion is embraced by the issues that she raises and that it is a subsidiary issue fairly raised by her statement of issues. *See* Tex. R.

**C. The strictures governing a no-evidence motion for summary judgment state that the motion can challenge only claims and defenses for which an adverse party has the burden of proof.**

Texas Rule of Civil Procedure 166a(i) controls the form of a no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i). The rule permits a party to move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *Id.* The rule continues with a strict requirement that the motion "must state the elements as to which there is no evidence." *Id.* Rule 166a's comment, which speaks to the form of a no-evidence motion, is equally strict; the comment provides that a no-evidence motion "must be specific in challenging the evidentiary support for an element of a claim or defense" and that the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." Tex. R. Civ. P. 166a(i) cmt. (West 1997).

As Justice Brett Busby explained while he served on the Fourteenth Court of Appeals, the text of Rule 166a(i) means that "a defendant cannot use a no-evidence motion for summary judgment to establish an affirmative defense." *Haver*, 491 S.W.3d at 881. The court in *Haver* detailed the basis for its holding as follows:

> This result[—that a party cannot use a no-evidence motion for summary judgment to establish its own affirmative defense—]follows from the plain language of Rule 166a(i), which provides that a no-evidence motion can only be used to establish the inapplicability of a "defense on which

App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary issue that is fairly included.").

9

*an adverse party* would have the burden of proof at trial[.]" [Emphasis added.] Although a plaintiff may move for no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of an affirmative defense that the defendant alleged and has the burden to prove, a defendant must file a traditional motion for summary judgment if it wishes to establish each element of that defense as a matter of law. *See FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) ("'When a defendant moves for summary judgment based on an affirmative defense, . . . the defendant, as movant, bears the burden of proving each essential element of that defense.'" (quoting *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam))).

*Id.* at 881–82.

Attorney immunity is an affirmative defense, which the attorney carries the burden of proving. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) ("Attorney immunity is an affirmative defense. Therefore, to be entitled to summary judgment, [appellant] must have proven that there was no genuine issue of material fact as to whether its conduct was protected by the attorney-immunity doctrine and that it was entitled to judgment as a matter of law." (citation omitted)).

Also, a summary-judgment motion does not lose its no-evidence character simply because a party attaches evidence to what is clearly intended as a no-evidence motion. As the Texas Supreme Court has held, "if a motion brought solely under subsection (i) [of Rule 166a] attaches evidence, that evidence should not be considered unless it creates a fact question, but such a motion should not be disregarded or treated as a motion under subsection (a) or (b) [of Rule 166a]." *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004).

10

**D.** **The Law Firm's no-evidence motion improperly sought summary judgment on an affirmative defense for which it carried the burden of proof, and even if it could assert that defense in a no-evidence motion, that defense did not immunize the Law Firm from the full extent of Foster's claims.**

The Law Firm's amended motion for summary judgment fails as a no-evidence motion because the motion seeks summary judgment on an issue for which it carries the burden of proof, and even if the Law Firm could justify that use of a no-evidence motion, immunity is not a defense to all of the claims that Foster made. Because we resolve this appeal purely on a procedural basis, our resolution of this appeal does not offer any opinion about the merits of Foster's claims.

Again, the Law Firm's amended no-evidence motion's first ground is as follows:

> **A. {No[-]Evidence Ground.} [Foster] asserts no cause of action [that] applies to [the Law Firm] outside of its role as foreclosure counsel.**
>
> > 1. {No[-]Evidence Ground.} [The Law Firm] is shielded by attorney immunity.

In discussing this ground, the Law Firm's brief appears to recognize that the procedural vehicle of a no-evidence motion for summary judgment is mismatched to a party's effort to establish its own affirmative defense. The Law Firm's effort to use a no-evidence motion for this purpose, in and of itself, warrants reversal of this case. *See Haver*, 481 S.W.3d at 883 ("Here, for reasons not disclosed in the record, appellants filed only a no-evidence motion for summary judgment on their affirmative

11

defense of qualified immunity. This motion was not an appropriate procedural vehicle for establishing their affirmative defense without a trial.").

Nor are we persuaded by the Law Firm's argument that the special circumstances of this case warrant the mismatch of a no-evidence summary-judgment motion raising the party's own affirmative defense. The Law Firm argues that because Foster pleaded her way into the defense, the Law Firm could use a no-evidence motion to place the burden on Foster to raise a fact issue regarding why the defense should not apply. The Law Firm's argument for this use of a no-evidence motion is as follows:

> [Foster's] pleading that [the Law Firm's] conduct as counsel for [the mortgagee and its servicer] gave . . . rise to her claims is a sufficient factual basis to support a conclusion that [the Law Firm's] conduct was protected by attorney immunity. *See Bethel v. Quilling*, 595 S.W.3d 651, 656 (Tex. 2020) (holding that trial court could consider Rule 91a motion to dismiss based on attorney immunity where plaintiff plead[ed] that defendant-lawyer's conduct as opposing counsel form[ed] the factual basis of his claims). Once it was established in [Foster's] pleading that [the Law Firm] was entitled to the defense of attorney immunity, the burden of proof shifted to [Foster] to present facts that would show that [the Law Firm's] conduct was outside the protections of attorney immunity. *See id.* . . . ; *Troice v. Greenberg Traurig, LLP*, 921 F.3d 501, 5[0]5–06 (5th Cir. 2019); *see also Aliazarov v. Joiner*, No. 05-00-01593-CV, [2001 WL 1256439, at *2] (Tex. App.—Dallas Oct. 22, 2001, no pet.) [(not designated for publication)] (where plaintiff's pleading established defendant's right to sovereign immunity, defendant could properly compel plaintiff under Rule 166a(i) to produce evidence of an exception to the defense) ([citing] *Guillen v. City of San Antonio*, 13 S.W.3d 428, 432 (Tex. App.—San Antonio 2000, pet. denied)). It is within this shifted burden of proof where [the Law Firm] brought its no-evidence motion for summary judgment under Rule 166a(i). [Record citations omitted.]

12

Even if we accepted the premise of this argument that the Law Firm could shift the burden of proof to Foster, the argument has a fundamental flaw in its premise that attorney immunity, even if properly raised in a no-evidence motion, would be a defense to all of the claims that Foster asserted.

The amended no-evidence motion itself made clear that the Law Firm took the position that attorney immunity was a full protection from Foster's claims:

> [Foster] has not ple[aded] any facts to show that [the Law Firm] was acting outside its capacity as foreclosure counsel for the other defendants. Accordingly, [Foster's] claims against [the Law Firm] have no basis in law because [the Law Firm] was acting at all times as foreclosure counsel and is immune from suit under the doctrine of attorney immunity.

The motion's and the argument's premise ignores that claims made by Foster, specifically her claims under the TDCPA, are not predicated on the Law Firm's status as the legal counsel for the lienholder and the servicer. Instead, that claim is predicated on the Law Firm's status as a debt collector with statutory duties running to the person from whom it is attempting to collect the debt. As a federal court has explained, the TDCPA imposes duties on a debt collector as follows:

> "The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing[,] or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-MBH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *rec. adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." Tex. Fin. Code Ann. § 392.001(6) (West 2006). "Debt collection" is defined as "an action, conduct, or practice in

13

collecting, or in soliciting for collection[] consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). Debt collection can include "actions taken in foreclosing real property." *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted); *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *5 (N.D. Tex. Jan. 20, 2012). Defendants' foreclosure may therefore fall within the purview of the TDCPA. *See Sanghera*, 2012 WL 555155, at *7.

*Lombardi v. Bank of Am.*, No. 3:13-cv-1464-O, 2014 WL 988541, at *13 (N.D. Tex. Mar. 13, 2014) (order accepting findings and recommendation of the United States Magistrate Judge). Thus, the Law Firm's immunity argument and Foster's TDCPA claims are like ships passing in the night: they may cross paths and exchange signals with each other, but they fail to connect in a procedurally dispositive manner. The Law Firm is not sued in its capacity as counsel for the lienholder and servicer but in a separate capacity as a debt collector, for which the defense of attorney immunity has no application because debt-collector status involves duties running directly from the Law Firm to Foster.

The motion is also deficient in another way. The argument section of the amended no-evidence motion lists the elements of a TDCPA claim, and the extent of its argument is as follows:

> [Foster] cannot show that a wrongful act was committed nor that the wrongful act resulted in injury to [her]. This failure is based upon [Foster's] prior unsuccessful attempts to invalidate the lien on her Property. Two courts have roundly rejected her contention that the Deed of Trust on her Property was invalid. [Foster's] basis for a TDC[P]A violation . . . entails allegations that [the Law Firm] misrepresented the character, extent, or amount of the consumer debt. In other words, [the Law Firm] allegedly misrepresented that the Deed

14

of Trust created a valid lien, which [Foster] disputes. However, the District Court for the Northern District of Texas dismissed with prejudice [Foster's] attempt to invalidate the Deed of Trust, and said dismissal was affirmed by the Fifth Circuit Court of Appeals. Accordingly, [Foster] has provided insufficient evidence to show a wrongful action committed by [the Law Firm] under the TDC[P]A. [Exhibit and record citations omitted.]

This argument characterizes Foster's TDCPA claim and then, at best, challenges Foster to produce evidence with respect to the claim as the Law Firm characterized it. But that characterization ignores the full extent of Foster's TDCPA claims and does not challenge her claim that the Law Firm violated Section 392.202 of the TDCPA by responding to and stopping collection efforts when Foster requested verification of the debt. *See* Tex. Fin. Code Ann. § 392.202 (dealing with correction of third-party debt collector's files). The motion does not challenge Foster to produce evidence of the elements of this claim.

Admittedly, a party may challenge a distinct factual theory when the motion ties that factual theory to a particular element of a claim or defense. *Horton v. Stovall*, No. 05-16-00744-CV, 2020 WL 7640042, at *16 (Tex. App.—Dallas Dec. 23, 2020, no pet.) (mem. op. on remand). The Law Firm does not invoke that rule by arguing that Foster's claims should be fragmented into different factual categories nor by arguing that it should receive a summary judgment on a subset of Foster's TDCPA claims. The Law Firm's no-evidence summary-judgment motion sought to obtain a judgment denying Foster's TDCPA claims in total, and under the ground it stated, the

Law Firm was not entitled to that judgment because its motion failed to attack the full extent of those claims.

Further, the argument attacking Foster's TDCPA claims appears to subtly raise the issue of collateral estoppel, i.e., a court has resolved a question central to Foster's claim adversely to her. *See In re Estate of Howard*, 543 S.W.3d 397, 401 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("The doctrine of issue preclusion, also known as collateral estoppel, precludes relitigating issues decided in a previous action even though a later action is based on a different claim."). But issue preclusion is also an affirmative defense, which the Law Firm carried the burden on and which should have been raised by a traditional—rather than a no-evidence—motion for summary judgment. *See Bridgestone Lakes Cmty. Improvement Ass'n v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 127 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Because collateral estoppel [issue preclusion] is an affirmative defense, the Defendants had the burden of proving its applicability, and they were required to do so on traditional grounds."). To its motion, the Law Firm attached prior judicial opinions as evidence that the issues that Foster raised in her suit against the Law Firm had been decided adversely to her. But as we have noted, a motion clearly denominated a no-evidence motion—as was the Law Firm's motion—is not transformed into a traditional motion merely because it has evidence attached to it. *See Binur*, 135 S.W.3d at 650–51.

16

Next, the Law Firm's argument that Foster pleaded her way into the immunity defense is not enunciated in the amended no-evidence motion. As noted, a summary-judgment motion must stand or fall on its own merits, and we cannot read between the lines to discern its grounds. *Haver*, 491 S.W.3d at 881. As presented to the trial court, the Law Firm's amended motion simply states that it is based on the defense of immunity; it does not state a ground or offer an explanation for why Foster had the obligation to, in essence, disprove the Law Firm's affirmative defense.

Finally, regarding the Law Firm's effort to use a no-evidence motion as a vehicle to raise its own affirmative defense, we are unsure how far the supreme court's ruling in *Bethel*—which dealt with attorney immunity in the context of a Rule 91a motion to dismiss—can be stretched to apply to the different procedural context of a Rule 166a(i) motion for summary judgment. *Bethel*'s holding did not involve or mention summary-judgment practice. *See* 595 S.W.3d at 656. But we do not reach the question of whether a carefully tailored no-evidence motion may raise the issue that a party pleaded its way into the defense of attorney immunity and thus bore the burden to raise a fact issue regarding why the defense did not apply. The Law Firm's amended no-evidence motion was not tailored to raise that argument or to state that ground. We therefore sustain the argument, fairly subsumed within Foster's issues, that attacks the form of the Law Firm's no-evidence motion. Because this argument is dispositive of the appeal, we need not address Foster's remaining arguments. *See* Tex. R. App. P. 47.1.

17

## IV.  Conclusion

Having sustained Foster's attack on the defective form of the Law Firm's no-evidence motion, which is dispositive of her appeal, we reverse the trial court's grant of summary judgment and remand this case to the trial court.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  March 25, 2021