**Opinion issued December 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00304-CV

————————————

### CYNTHIA T. WILLS, Appellant

### V.

### USAA GENERAL INDEMNITY COMPANY, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1156962**

---

## MEMORANDUM OPINION

A homeowner appeals the trial court's no-evidence summary judgment in favor of her insurer on contractual and extra-contractual claims related to the adjustment and payment of a claim on her homeowner's insurance policy. In a single issue, the homeowner contends that fact issues precluded the no-evidence summary

judgment. Because we conclude that the evidence the homeowner relies on to raise fact issues is conclusory, and thus no evidence, we affirm.

## Background

A fire damaged Cynthia T. Wills's home. USAA General Indemnity Company (USAA) insured the home under a homeowner's insurance policy, with a $135,000 limit for loss to the dwelling.[1] But the policy included a "home protector" endorsement providing that if the amount of the covered loss exceeded the dwelling coverage for certain reasons, USAA would pay "up to an additional 25% of the amount of insurance applying to the damaged building." The most USAA would pay under the endorsement was "25% or the amount actually and necessarily spent to repair or replace the damaged building, whichever is less." By USAA's calculation, the limit of the policy's dwelling coverage could be raised only as high as $168,750.00 ($135,000 plus 25%). USAA adjusted the fire loss claim and issued payments totaling $163,589.03 to Wills.

Claiming she was owed additional amounts under the policy that USAA refused to pay, Wills sued. She alleged that USAA had breached the insurance policy; violated the Texas Prompt Payment of Claims Act (TPPCA); committed unfair or deceptive acts or practices under Chapter 541 of the Texas Insurance Code

---

[1] The policy also provided coverage for other structures, for personal property, and loss of use.

and the Texas Deceptive Trade Practices Act (DTPA); breached its duty of good faith and fair dealing; committed fraud; and engaged in a "conspiracy to commit illegal acts."

Eighteen months after Wills sued, USAA moved for a no-evidence summary judgment on all claims. Wills responded and attached three exhibits as summary judgment evidence: (1) the insurance policy, (2) her own affidavit, and (3) an affidavit and estimate from her public adjuster.

USAA objected to some of Wills's summary judgment evidence. Specifically, USAA objected that the public adjuster's affidavit was vague and conclusory because it did not state the facts or methodology relied on to determine that the cost to repair the "covered damages" was $182,580.44, almost $19,000 more than USAA had paid. USAA also objected that several paragraphs in Wills's affidavit were vague and conclusory, including the paragraphs stating that:

- She "fully cooperated with [USAA] and investigators during the handling of [her] claim, including complying with all conditions precedent in [the insurance policy]";

- USAA had "not paid [her] in full to repair or replace [her] property to date";

- USAA "admit[ted] fire caused covered damages to [her] home yet refuse[d] to pay [her] a fair value to have [her] property made whole";

- USAA acted in bad faith because it "advertises one thing but practices another";

- She "relied on [USAA] in that [USAA] insured [her] and would pay a fair and reasonable amount for valid insurance claims";

- She "relied on all of [USAA's] representations";

- She would not have purchased the insurance policy "[i]f not for [USAA's] misrepresentations";

- She "repeatedly attempted to change [USAA's] mind and pay [her] adequately under [the insurance policy] by and through [her] attorney";

- USAA "nonetheless repeatedly stood by [its] claim determination and refuse[d] to consider evidence [she] provided" that supported her claim;

- She "believed [USAA] made material representations";

- If she "was not adequately covered for damages to [her] home resulting from a fire, then [she] would not have purchased insurance from [USAA]";

- USAA falsely represented that it would "adequately compensate [her] for [her] valid insurance claim" and "pay full damages resulting from [a certain] peril."

Before the trial court ruled on USAA's objections, it gave Wills an opportunity to supplement or amend her summary judgment evidence. At the deadline, Wills supplemented her response but did not attach any amended or additional evidence. Instead, she relied on the same affidavits.

The trial court ultimately granted some of USAA's objections to Wills's summary judgment evidence, denied other objections, and granted USAA's no-evidence motion on all claims. Wills appealed.

**Adequacy of Appellant's Brief**

We note there is a question here on the adequacy of Wills's appellant's brief. An appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This standard is not met when the appellant's brief contains only conclusory statements that are not supported by legal citations. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Failure to cite legal authority or provide substantive analysis of the issue presented waives the complaint. *See Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *see also Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (finder waiver when appellant's brief provided "no citation to the record, nor any discussion of relevant or analogous authorities to assist the Court in evaluating its claim").

Wills presents a single issue in her opening brief: "Did the trial court abuse [its] discretion by granting [USAA's] summary judgment motion?" The issue is framed using an incorrect standard of review and is supported only by a brief conclusory argument, which reads in full:

> The trial court erroneously granted [USAA's] no-evidence summary judgment motion based on the Court's mistaken belief that [USAA] demonstrated the absence of material fact issues in [Wills's] petitions. The trial court committed a reversible error here because the error

5

amounted to such a denial of [her] rights as was reasonably calculated and certainly caused the rendition of an improper judgment.

Therefore, [Wills] respectfully requests that this Court overrule the trial court's order granting [USAA] summary judgment and find the trial court's granting of [USAA's] no-evidence summary judgment motion an abuse of its discretion[2] and thereby reversible error and order the trial court to reinstate [her] case.

The argument is not specific as to any of the dismissed claims. Nor does it contain any substantive argument or citation to the appellate record or appropriate authorities. *See* TEX. R. APP. P. 38.1(i).

USAA pointed out these deficiencies in its response brief and urged this Court to reject Wills's appeal on briefing waiver. USAA also defended the merits of the no-evidence summary judgment on the challenged elements of each dismissed claim. *See* TEX. R. CIV. P. 166a(i) (requiring summary judgment movant to specifically state elements of claim for which there is no evidence).

Wills replied. And for the first time on appeal, she addressed the evidence supporting five of the seven dismissed claims—her claims for breach of the insurance policy, breach of the duty of good faith and fair dealing, violations of the

---

[2]    As stated in our merits discussion, the trial court's no-evidence summary judgment is reviewed de novo, not for an abuse of discretion. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

TPPCA and DTPA, and fraud.[3] The reply brief contains citations to the appellate record and to some legal authority. *See* TEX. R. APP. P. 38.1(i).

This Court and other intermediate courts have concluded that a party may not raise a new issue for the first time on appeal in a reply brief. *See, e.g.*, *Priddy v. Rawson*, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Crowder v. Scheirman*, 186 S.W.3d 116, 119 n.1 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also* TEX. R. APP. P. 38.3 (authorizing reply briefs that "address[] any matter in the appellee's brief"). But that authority is not a perfect fit here. Wills did not raise a new issue in her reply brief; instead, she expounded on the issue raised in her opening brief. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (point of error broadly asserting that trial court erred in granting summary judgment allows appellant to challenge all possible grounds on which trial court might have relied in rendering judgment); *see also McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (considering arguments made in reply brief on propriety of declaratory portion of judgment because, even though opening brief focused on summary judgment on certain claims, it also globally asserted that remainder of judgment must also be reversed). Because of this distinction and because USAA has fully argued

---

[3]     Willis does not challenge the dismissal of her claims for unfair settlement practices or conspiracy.

the issue in its response brief, *see McAlester Fuel Co.*, 257 S.W.3d at 737 (considering arguments made in reply to issue fully briefed by opposing party), we decline to find briefing waiver and turn instead to the contentions in the reply brief.

## No-Evidence Summary Judgment

Wills argues that the trial court's no-evidence summary judgment was erroneous because fact issues exist on her claims for breach of the insurance policy, breach of the duty of good faith and fair dealing, violations of the TPPCA and DTPA, and fraud.

### A.     Standard of review

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment is essentially a pretrial directed verdict, to which we apply the same legal sufficiency standard of review. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 350 (Tex. App.—Houston [1st Dist.] 2001, no pet.). To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to each of the challenged elements of her claim. *See* TEX. R. CIV. P. 166a(i); *see also Ford Motor Co. v Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A genuine issue of material fact exists if the evidence "rises to a

level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Evidence so weak as to do no more than create a mere surmise or suspicion does not create a fact issue. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014). In our review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in her favor. *King Ranch*, 118 S.W.3d at 751. We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B. No evidence that USAA did not pay the full amount of the claim

Texas Rule of Civil Procedure 166a(i) requires the summary judgment movant to specifically state the elements of a claim for which there is no evidence. *See* TEX. R. CIV. P. 166a(i). USAA's motion comprehensively attacked the elements of Wills's claims. We focus first on USAA's assertion that Wills had no evidence that she sustained damages because of any breach of the insurance contract, violation of the TPPCA, or breach of USAA's duty of good faith and fair dealing. We jointly consider these three claims because although the damages for each may differ, *see USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 487–89 (Tex. 2018), Wills relies on the same evidence as raising a fact issue.

Relevant here, Wills pleaded that USAA breached the insurance policy by refusing to pay all amounts for the loss to her dwelling. "[A] central element to be

9

proven in an action for the alleged breach of an insurance contract is that the insured has been damaged by the breach and the amount of damages resulting from that breach." *Block v. Emps. Cas. Co.*, 723 S.W.2d 173, 178 (Tex. App.—San Antonio 1986), *aff'd*, 744 S.W.2d 940 (Tex. 1988) (op. on reh'g).

The TPPCA, codified in Texas Insurance Code chapter 542, imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims. TEX. INS. CODE § 542.054. Though the TPPCA's purpose relates specifically to prompt payment of claims, it also contains requirements and deadlines for responding to, investigating, and evaluating insurance claims. *See id.* §§ 542.055–.056. Both the payment deadlines and the nonpayment deadlines and requirements are enforceable under the TPPCA, and damages can be imposed for any violation. *See id.* §§ 542.058, .060; *see also Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007) ("The [TPPCA] provides that an insurer, who is 'liable for a claim under an insurance policy' and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of the claim, but also for 'interest on the amount of the claim . . . as damages, together with reasonable attorney's fees.'") (citation omitted)). To prevail on a claim for TPPCA damages, the insured must show: "(1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the

10

TPPCA in processing or paying the claim." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019) (citing TEX. INS. CODE § 542.060).

Finally, Texas law allows a claim for damages for breach of an insurer's common-law duty of good faith and fair dealing. *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). "An insurer breaches its duty of good faith and fair dealing when 'the insurer had no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact.'" *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997) (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994)). Such a claim "can potentially result in three types of damages: (1) benefit of the bargain damages for an accompanying breach of contract claim, (2) compensatory damages for the tort of bad faith, and (3) punitive damages for intentional, malicious, fraudulent, or grossly negligent conduct." *Moriel*, 879 S.W.2d at 17. Although Wills pleaded all three types of damages, she cites evidence purporting to support only benefit-of-the-bargain damages on appeal.

Wills contends that parts of her affidavit that were not struck by the trial court raise a fact issue on damages for the contract, TCPPA, and bad-faith claims. Specifically, she relies on the paragraphs stating:

> 6.    [USAA] made further representations that [its] policy limited coverage for [Wills's] damages to $135,000.00 for Dwelling, $13,500.00 for Other Structure Coverage, $101,250.00 for Personal Property Coverage and $27,000.00 for Loss of Use Coverage and the

11

Home Protector Endorsement which may "pay up to an additional 25% of the amount of insurance applying to the damaged building under certain circumstances."

7. Fire caused extensive damage to [Wills's] home on or around July 7, 2016. [Her] public adjuster estimated [her] damages at around $182,580.44 (*See Exhibit A*). [She] filed [her] claim with [USAA].

8. [USAA] paid [Wills] around $163,589.03[,] which is within [USAA's] $168,750.00 policy limit (including Home Protector) but neither meets nor exceeds [USAA's] policy limit for which [her] $182,580.44 damages are well above . . . .

. . .

12. [USAA] has not paid [Wills] any statutory interest for not paying [her] full claim to date.

. . .

23.c. [Wills] has been forced to hire an attorney.

Exhibit A to Wills's affidavit, referenced in paragraph 7, appears to be the public adjuster's estimate of costs for construction materials for repairs in Wills's home.[4]

These parts of Wills's affidavit do not raise a fact issue on damages. In this summary judgment context, affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. TEX. R. CIV. P. 166a(f); *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Conclusory statements in an affidavit cannot defeat summary judgment. *1001 McKinney Ltd. v. Credit*

---

4 The same estimates were attached to the public adjuster's affidavit struck by the trial court.

*Suisse First Boston Mortgage Cap.*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997)); *see Ryland Grp.*, 924 S.W.2d at 122 (conclusory affidavits are insufficient to raise fact issues that will preclude summary judgment). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *1001 McKinney Ltd.*, 192 S.W.3d at 27. That is, an affidavit is conclusory if it gives "a conclusion without any explanation" or asks the trial court to "take [the affiant's] word for it." *Arkoma Basin Exp. Co. v. FMF Assocs. 1990-A Ltd.*, 249 S.W.3d 380, 389 (Tex. 2008); *see also Conclusory*, Black's Law Dictionary (11th ed. 2019) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based.").

The cited parts of Wills's affidavit are conclusory. The only support for Wills's allegation that USAA did not pay the full amount due under the policy is her statement that the public adjuster estimated that her property sustained damages of "around $182,580.44," which is more than USAA paid. But the factual basis for that conclusion is unexplained by Wills. We cannot look to the public adjuster's affidavit to supply that information because it was struck and thus not a party of the summary judgment record considered by the trial court. *Bolanos v. Purple Goat, LLC*, 649 S.W.3d 753, 763 (Tex. App.—El Paso 2022, no pet.) (appellate court may not consider struck portions of record in reviewing whether summary judgment was

properly granted). And Wills does not challenge that ruling on appeal. The estimate of costs attached to Wills's affidavit also fails to raise a fact issue because they are similarly unexplained. The affidavit does not state that the estimate reflects the amounts Wills "actually and necessarily spent to repair or replace the damaged building," as the policy requires.

In short, because the only evidence identified by Wills is conclusory, it does not raise a fact issue on damages for breach of the insurance policy, violations of the TPPCA, or breach of the duty of good faith and fair dealing. *See* TEX. R. CIV. P. 166a(i); *Ryland Grp.*, 924 S.W.2d at 122. Accordingly, we hold that the trial court did not err in granting a no-evidence summary judgment as to these claims.

## C.     No evidence of false, misleading, or deceptive acts or representations

We address the remaining fraud and DTPA claims together because, again, the evidence Wills relies on to raise a fact issue is the same.

Both a claim for fraud and a claim for DTPA violations seek to hold the defendant liable for some type of deception. Fraud requires proof that: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act on the representation; and (4) the plaintiff actually and justifiably relied on the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life*

14

*Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). And to recover under the DTPA, the plaintiff must show: (1) she is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the plaintiff's damages. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50).

In its motion for summary judgment, USAA challenged whether Wills had any evidence that it made a false statement for fraud or engaged in any action that could be considered a false, misleading, or deceptive act under the DTPA. *See* TEX. R. CIV. P. 166a(i). Wills contends a fact issue exists as to both claims based solely on the statement in her affidavit that "[USAA] advertises [it] pays valid insurance claims." This evidence is conclusory because it does not provide any factual basis for an inference that USAA's advertisement is false, misleading, or deceptive. *See Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999) (witness affidavit is conclusory if it fails to explain basis of witness's statements to link conclusions to facts). Consequently, it is not evidence that merits reversal of the summary judgment on either the fraud or DTPA claims. *See* TEX. R. CIV. P. 166a(i); *Ryland Grp.*, 924 S.W.2d at 122. We therefore hold that the trial court did not err in granting a no-evidence summary judgment on these claims.

## Conclusion

We affirm the trial court's summary judgment.

Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Goodman, and Landau.